(63 App. Div. 206.)

## In re SCHUYLER.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

**1. LIQUOR TAX LAW—SALES OF LIQUOR ON SUNDAY—HOTEL KEEPERS.**

　　Where a petition for an order revoking a liquor tax certificate alleged violation of the law by selling liquor on Sunday, an answer which merely admitted the issuance of the certificate, but did not aver that it was issued to respondent as a hotel keeper, or that he was in fact a hotel keeper, did not entitle him to prove that he conducted a hotel, and that the sales were within the exception of Liquor Tax Law, § 31, subd. "k," permitting hotel keepers to sell liquor on Sunday.

**2. SAME.**

　　Evidence that respondent in an application for the cancellation of a liquor tax certificate conducted a hotel and dancing pavilion, and that there were sleeping rooms, which were occupied, and a dining room, where meals were served, did not show that the certificate was issued to respondent as a hotel keeper, so as to be a defense to a charge of selling liquor on Sunday, under Liquor Tax Law, § 31, subd. "k," permitting hotel keepers to sell liquor on Sunday.

**3. SAME—HOTEL—"GUESTS."**

　　Respondent conducted a hotel, in connection with which was a dancing pavilion, where drinks, sandwiches, and other refreshments were sold. Liquor was sold in this pavilion on Sunday, each purchaser of liquor being required to also purchase food to the extent of at least one sandwich. *Held*, that such purchase of food did not make the purchaser a guest of the proprietor, within Liquor Tax Law, § 31, subd. "k," providing that the keeper of a hotel may sell liquor to the guests of such hotel, with their meals, on Sunday.

Appeal from special term, New York county.

Petition by Charles E. Schuyler for an order revoking a liquor tax certificate issued to one Ernest Rorphuro. From an order denying the application, petitioner appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. Aspinwall Hodge, Jr., for appellant.
George H. Taylor, Jr., for respondent.

HATCH, J. This proceeding was taken under section 28, subd. 2, of the liquor tax law. It is admitted that the respondent had a liquor tax certificate, duly issued to him under subdivision 1 of section 11 of the liquor tax law, permitting him to traffic in liquors at Nos. 2835, 2837, and 2839 Broadway, in the borough of Manhattan, New York, for a term of 12 months from May 1, 1900, which at the time the proceeding was instituted had not been surrendered or canceled, nor transferred in accordance with the provisions of the liquor tax law. Violations of the law in two particulars are alleged, viz. selling liquors on Sunday contrary to the provisions of the statute, and having open the entrance to his bar on Sunday for purposes other than those permitted by the statute. The answer puts in issue these averments. The matter was referred to a referee to take proofs in relation thereto, and report the evidence to the court. The referee took the proofs, and reported the same to the court, with the testimony taken by him; and upon the coming in of the

report the special term denied the application, without opinion, and without making any findings of fact or conclusions of law. From the order thereupon made and entered, the petitioner appeals to this court.

It is important that we determine first whether or not the record shows that the respondent kept a hotel, for upon that fact the determination of this appeal largely depends. It is contended by the appellant that the respondent has not brought himself within the exception of subdivision "k" of section 31 of the liquor tax law, which provides that:

"The holder of a liquor tax certificate under subdivision one of section eleven of this act who is the keeper of a hotel, may sell liquor to the guests of such hotel, * * * with their meals, or in their rooms therein, except between the hours of one o'clock and five o'clock in the morning, but not in the bar room or other similar room of such hotel."

The subdivision then defines a hotel, the meaning of the term "guest" as used in the act, and the exemptions of hotel keepers from certain provisions of the law. A guest is defined as:

"(1) A person who in good faith occupies a room in a hotel as a temporary home, and pays the regular and customary charges for such occupancy, but who does not occupy such room for the purpose of having liquor served therein; or (2) a person who during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time, in good faith, a meal therein."

The rule is well established that if a party relies upon the exception contained in the part of section 31 in favor of hotel keepers, bona fide clubs, etc., he must plead and prove the facts bringing him within the exception. Lyman v. Cosmopolitan Club, 28 App. Div. 127, 50 N. Y. Supp. 977. It is insisted that the respondent has not complied with this rule. The petitioner avers that the respondent made application "for a liquor tax certificate to traffic in liquors * * * under subdivision 1 of section 11 of the liquor tax law," and filed a bond in the penal sum of $1,600, and paid the deputy commissioner the sum of $800, and that such commissioner did, pursuant to section 19 of the liquor tax law, issue to the respondent a certificate "showing that the excise tax had been paid by the said Ernest Rorphuro to traffic in liquors as specified in said statement and application." These allegations are admitted by the respondent in his answer, but the answer contains no averment that the place at which said Rorphuro was to carry on the business of trafficking in liquor under the certificate was a hotel, or that he was a hotel keeper, or that his application so stated, nor any other fact bringing the place or himself within the exceptions and immunities granted to hotel keepers by the statute. The deputy commissioner of excise also answered the petition, and averred that he duly issued to respondent a certificate under subdivision 1 of section 11 of the act, but he does not aver that the business was to be carried on in connection with the keeping of a hotel, nor that the requirements of the statute defining hotels (section 31) had been complied with. All that is made to appear by the petition and answers,

therefore, is that the respondent had a certificate duly issued to him to traffic in liquors under subdivision 1 of section 11 of the liquor tax law. As that subdivision applies generally to the business of trafficking in liquors to be drunk on the premises where sold, whether in a hotel, restaurant, saloon, store, shop, booth, or other place, and the rights of the holders are. different, depending upon the character of the business in connection with which the traffic in liquors is to be carried on, it is apparent that it is essential, if the complaint is for an act which would be a violation of the act if committed in a saloon, store, shop, or booth, but not if committed in a hotel by one carrying on the business of a hotel keeper, that the person against whom the complaint is made plead all of the material facts bringing him within the exception, if he seeks to rely upon such exception as a defense. The principal charge in this case is selling liquor on Sunday, and it is manifest that the respondent was not entitled to prove that he was engaged in keeping a hotel at the place designated in the certificate, and the reception of evidence of such fact was error. However, if he had been entitled to interpose the defense, he utterly failed to show the facts constituting the place a hotel, within the requirements of the statute. Testimony was received, over the objection of counsel, that the place was conducted as a hotel; that respondent conducted a hotel and dancing pavilion; that there were a dining room and 12 or 13 rooms upstairs; that the dimensions of some of the rooms were 8 feet by 12, and some were larger; and that they were furnished, and people could and did live in and occupy them. This evidence, made up as it is largely of conclusions, giving it as liberal a construction as may be, falls far short of proving the facts required by subdivision "k" of section 31 of the liquor tax law, and does not even tend to prove that the certificate authorizing the trafficking in liquors was issued to respondent as the keeper of a hotel. It is equally consistent with the fact that his application might have shown that he was a saloon keeper or a restaurant keeper, and the certificate issued to him as such. It follows that as the testimony shows conclusively that liquor was sold and drank on the premises on Sunday, —a day on which sales are strictly prohibited by the statute, except under conditions which, as shown, the respondent has not brought himself within,—the prayer of the petitioner should have been granted, and the certificate issued to the respondent revoked and canceled.

We are further of the opinion that, had it been averred and proved by the respondent that he was entitled to the immunity granted to a hotel keeper, the evidence as to what took place on Sunday, May 20, 1900, shows a clear violation of the law. It appears that the premises where the respondent carries on business, and mentioned in the certificate, consist of a low, wooden, two-story building, with a bar in one corner, and in the rear an open dancing platform, covered by a tent. In this pavilion or tent drinks and sandwiches or other victuals, if ordered, are served at small tables. There is a "bouncer," and also signs with rules against swearing,

which, it is contended, show the manifest determination of the proprietor to maintain the eminent respectability of his "place." On the afternoon of the Sunday mentioned, at 3:30 o'clock, two witnesses testify that they went into the pavilion and sat down at one of the empty tables, and called for two glasses of beer, which were served to them. They testify that they ordered nothing to eat, and that nothing was served to them but beer. Men and women were inside, drinking at other tables. Dancing was going on in the center of the platform, and the music was playing. At about 11 o'clock in the evening they returned there, and remained about one hour. On this visit they bought, paid for, and drank beer. Nothing but beer was ordered, nor was anything to eat served them. The same conditions were in evidence as in the afternoon,—singing, dancing, drinking, and disorderly conduct. It is not denied by the respondent that he sold the drinks to the witnesses as testified by them, nor does he pretend that they were served with a regular meal in the dining room or in their private room; but he seeks to make it appear that every one who procures a drink at his "hotel" on Sunday must become his "guest," by partaking of a bona fide sandwich, at least, and that the custom must have been followed in this instance. Let us give him the benefit of the doubt, and assume that a real sandwich was served with each glass of beer; do the facts then constitute the persons served "guests," within the meaning of the statute? Did they resort to this "hotel" during the hours when meals were regularly served therein for the purpose of obtaining, in good faith, a meal therein? We think not, but that the evidence shows that the serving of sandwiches under such circumstances was a mere pretext to evade the law. It is not serving a meal in good faith, nor does it constitute the respondent the keeper of a bona fide hotel, so as to entitle him to the protection of the exception contained in the law. In re Lyman, 28 Misc. Rep. 408, 59 N. Y. Supp. 968. The custom of trafficking in liquor on Sunday after the manner of the respondent (by his own showing) is too clearly contrary to the express provisions of the statute to bear scrutiny, and should not be countenanced.

It follows that the order appealed from should be reversed, with costs, and an order granted revoking and canceling the certificate of the respondent, with costs. All concur.