Second Appellate Department, October Term, 1902. Reported.
75 App. Div. 301.

In the Matter of the Petition of PATRICK W. CULLINAN, as State
Commissioner of Excise of the State of New York, Appellant,
for an Order Revoking and Canceling Liquor Tax Certificate
No. 21,305, Issued to ADELL HARTMAN, Respondent.

**Revocation of a liquor license because of a door to a barroom being left.
open on Sunday—Evidence as consistent with innocence as with
wrongdoing.**

Where, in a proceeding for the revocation of a liquor tax certificate
because of the alleged violation of the Liquor Tax Law by the holder of
the certificate, the evidence relied upon by the petitioner is equally as
consistent with innocence as with wrongdoing, that construction must be
placed upon the evidence which will exonerate the certificate holder from
an intention to violate the law.

Evidence that the door leading into the barroom of a hotel was left
open on a Sunday will not justify the revocation of the hotel proprietor's
liquor tax certificate where it appears that such door was necessarily left
open for the use of the waiters engaged in serving meals and drinks to
the guests of the hotel and that guests who intruded into the barroom
were promptly ejected therefrom.

APPEAL by Patrick W. Cullinan, as State Commissioner of
Excise of the State of New York, from an order of the Supreme
Court, made at the Kings County Special Term and entered in the
office of the clerk of the county of Queens on the 29th day of
January, 1902, denying the petitioner's application for an order
revoking and canceling a liquor tax certificate issued to Adell
Hartman, and from the judgment entered in said clerk's office
upon such order on the 29th day of January, 1902.

*William G. Van Loon,* for the appellant.

*Maurice B. Blumenthal,* for the respondent.

WOODWARD, J.: This is a proceeding under the provisions of
subdivision 2 of section 28 of the Liquor Tax Law (Laws of 1896,
chap. 112, as amd. by Laws of 1901, chap. 640) for an order
revoking liquor tax certificate No. 21,305 issued to Adell Hartman,
under subdivision 1 of section 11 of the Liquor Tax Law (as
amended by Laws of 1897, chap. 312). It is alleged in the petition

that five special agents of the Excise Department were admitted to the barroom of the premises for which the said liquor tax certificate was issued, and that the said special agents bought and consumed upon the premises five drinks of whiskey on the 1st day of September, 1901. The respondent alleged in answer to the petition that she was conducting a hotel, and that no liquors were sold on Sunday, September 1, 1901, except to persons who had ordered meals, and denied all of the material allegations of the petition, and especially the allegation that the doors to the barroom were open, except for the egress and ingress of her family, servants, agents, etc. The matter was, upon an order to show cause, sent to a referee to hear and report the evidence, without opinion, and upon the coming in of such report the learned court at Special Term denied the prayer of the petitioner and directed that judgment for costs be entered in favor of the respondent. From the order and judgment entered appeal comes to this court.

Upon the hearing before the referee there was evidence to established the fact that five drinks of whiskey were sold to the special agents of the Excise Department on Sunday, September 1, 1901. This was not disputed, but on behalf of the respondent it was shown that the latter was conducting a hotel within the meaning of the Liquor Tax Law. There was evidence that at the time these special agents entered the place they went into the barroom, but before reaching the bar they were directed to leave the room and to go out upon the veranda, where their orders would be taken. Some one of the party present ordered a double porterhouse steak for himself and friends, and after this the special agents went out upon the veranda, where the whiskey was served to them. When the steak was ready to be served no one was there to receive it, and it was returned to the kitchen, and the money which the waiter had paid for it upon its delivery to him was refunded. The special agents all deny that they ordered anything to eat, or that anything to eat was delivered to them, but there is no evidence from which bad faith on the part of the respondent may be properly inferred, and they admit that some one else, apparently a member of their party, may have given this order. If the manager of the respondent's hotel, who personally gave the order in the kitchen for the preparation of the meat, acted in good faith, and the drinks were delivered to the special agents upon the faith of the order, and the facts and circumstances are strongly in support of this theory, it would be an abuse of

the Liquor Tax Law to deprive the respondent of her rights under the certificate. The rule is well established that where the evidence relied upon is equally as consistent with innocence as with wrongdoing, that construction must be placed upon it which will exonerate the party implicated from a dishonest intent (*Constant* v. *University of Rochester*, 133 N. Y. 640, 648, and authorities there cited), and this seems a proper place for the application of this rule. As was said by the learned court at Special Term, "There is not enough to show an intentional and willful violation of the law, especially where that involves a civil or a criminal penalty."

The contention of the petitioner that the evidence establishes a violation of the provisions of subdivision g of section 31 of the Liquor Tax Law (as amd. by Laws of 1897, chap. 312) is very technical. While satisfactory proof of its violation would devolve upon the court the duty of revoking the certificate, the evidence to sustain a technical charge of this character ought to be such as to satisfy the judgment and the conscience of the court (*Matter of Henry*, 56 App. Div. 268, 271), and we find no reason for differing with the conclusion of the learned court at Special Term. The evidence shows that the door into the barroom was necessarily open for the use of the waiters, who were serving meals and drinks, and that the special agents intruded themselves into the barroom, and were promptly ejected before reaching the bar, while the other persons who were present in the room are accounted for as servants of the respondent. This case is entirely different from *Matter of Schuyler* (63 App. Div. 206), *Matter of Lyman* (62 id. 616) and *Matter of Cullinan* (68 id. 119), where the element of apparent good faith was entirely lacking. In the latter case the court say that "there is substantially no dispute between any of the witnesses but what the respondent had the doors leading into the saloon open and unlocked and admitted, at a time when the sale of liquors was prohibited, persons other than servants or members of his family," and that the respondent "admitted that he did not lock the doors Sundays or any other time, and that any one came in there who wanted a meal and that he left the doors unlocked so that they could come in if they wanted to; that he did not keep a hotel, but the barroom and restaurant were all one room, and all of the witnesses produced by him testified to substantially the same effect." This is quite a different case from that at bar, where the respondent promptly

ejected the persons who intruded through the door left open for the use of the servants engaged in serving the guests of a hotel, the evidence showing that the other doors were closed and locked. It may be that there has been a technical violation of the law in permitting people to pass through a portion of the barroom in reaching the toilet rooms, but this was not proved. Upon the whole evidence in this case the petitioner has failed to establish facts which justify the taking away of the respondent's certificate.

The order denying the prayer of the petitioner and the judgment for costs should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.