### In re CULLINAN, State Com'r of Excise.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. LIQUOR TAX CERTIFICATE—CANCELLATION—HOTEL—WHAT CONSTITUTES.

Laws 1897, p. 234, c. 312, § 31, cl. "k," authorizes a holder of a liquor tax certificate who is the keeper of a hotel to sell liquor on Sunday, etc., to his guests, with their meals, or in their rooms, and defines a hotel as a building regularly used and kept open for the feeding and lodging of guests, where all proper persons are received, etc., the building to contain at least 10 bedrooms, a dining room with at least 300 square feet of floor area and a kitchen sufficient to provide bona fide meals for 20 guests at once. *Held*, that a house having 24 bedrooms, with a dining room containing the required amount of space, and with adequate kitchen facilities, and harboring between 30 and 40 people, was a "hotel" within the meaning of the statute.

2. SAME—KEEPING BARROOM OPEN ON SUNDAY.

Laws 1897, p. 233, c. 312, § 31, cl. "g," forbids the holder of a liquor license to have open or unlocked during Sunday any door or entrance from a street, hallway, room, or adjoining premises to the room where any liquors are sold, except when necessary for the passage of himself or servants, etc., for purposes not forbidden by the act; and also forbids him to admit to such rooms any other person during Sunday. *Held*, that a bar in a pavilion, partitioned off from the rest of the pavilion on Sundays by a wood and glass structure which fully exposed it to view, but cut it off entirely except for a doorway for the use of servants, did not render keeping the pavilion open on Sunday a violation of the statute.

3. SAME—SERVING LIQUORS WITH MEALS—GOOD FAITH.

Laws 1897, p. 234, c. 312, § 31, cl. "k," provides that the keeper of a hotel, being the holder of a liquor tax certificate, may sell liquor on Sunday to his guests with their meals, and defines a guest as including one who, during the hours when meals are regularly served, resorts to the hotel for the purpose of obtaining, and actually orders and obtains, at such time, in good faith, a meal therein. Two special agents of the state excise department visited a hotel on Sunday and ordered whisky. They were informed they could not be served unless they ordered something to eat, but said they did not want anything to eat. They ordered two sandwiches, saying that they were not obliged to eat them, and they did not in fact touch them, though they were placed on the table. *Held* not to constitute the serving of a meal in good faith, so as to render the agents guests of the hotel and justify the sale of liquor to them.

Appeal from Special Term, Kings County.

Proceedings by Patrick W. Cullinan, as state commissioner of excise, to revoke and cancel a liquor tax certificate issued to Axel J. Young. From an order revoking and canceling the certificate (83 N. Y. Supp. 581), Young appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

E. B. Barnum, for appellant.
William E. Schenck, for respondent.

WOODWARD, J. The petitioner in this proceeding alleges a violation of clause "a" of section 31 of the liquor tax law (Laws 1897, p. 233, c. 312), which relates to the selling of liquor on Sunday, or before 5 o'clock in the morning of Monday; and it is alleged that the respondent was guilty of a violation of clause "g" of the same section, which prohibits having open or unlocked, during the hours when the

sale of liquors is forbidden, any door or entrance to the room or rooms where liquors are sold, etc. The liquor tax certificate involved in this proceeding has been revoked, and the order accomplishing this object is before us for review.

The respondent's answer alleges that he was conducting a hotel, and claims the privileges accorded by section 31 of the statute, and we are clearly of the opinion that he established the fact that he was running a hotel within the meaning of the law. The evidence was uncontradicted that the respondent had a house at Coney Island with 24 bedrooms; that he had a kitchen adequate to provide for the feeding of his guests, and at the time of the alleged violations of the law he was actually harboring between 30 and 40 people, and that his dining room contained the required amount of space. It appears that this hotel fronted upon Kensington Walk, Coney Island, and that the entrance to the hotel proper was through a pavilion fitted with folding doors which were thrown open during business hours, so that from the walk the place presented the appearance of an inclosure fitted up with tables, etc., after the manner of popular resorts, the front of this inclosure being wide open to the street. In one corner of this pavilion, which appears to have been about 40 by 50 feet in dimension, was a bar, which, on Sundays, was partitioned off from the pavilion by a wood and glass partition, so that, while the bar was fully exposed, it was in fact cut off entirely from the pavilion, except for a doorway for the use of the servants of the relator; and we are of opinion that, acting in good faith, it was not a violation of the law to have this pavilion open on Sunday for the accommodation of the patrons of this place. The bar was partitioned off from this room, and, while this partition was removed during the week, so that the bar stood in the pavilion, we do not think, under the circumstances disclosed, that the entire room was necessarily dedicated as a barroom, or that any purpose of the liquor tax law was defeated by permitting this partitioning of the pavilion on Sunday, so that lunches, light drinks, etc., might be sold to the visitors at the beach.

A more serious question is presented, however, by the alleged violation of clause "a" of section 31 of the liquor tax law. Two special agents of the state excise department visited the respondent's place on Sunday, the 31st day of August, 1902, and took a seat at one of the tables in this pavilion, and ordered two drinks of whisky. There is some conflict in the evidence as to the details surrounding the delivery of the whisky, but there is no dispute that the special agents did order whisky, and that it was delivered to them, and that it was paid for and drank upon the premises. The respondent claims that he was within the law, however, because there were two sandwiches served with the whisky, which sandwiches were ordered and paid for by the special agents. There can be no reasonable doubt that under some circumstances a sandwich and a drink of whisky or other beverage constitute a meal, under our modern Bohemian system of living. Many men in clubs, at restaurants, and elsewhere confine their eating at certain periods of the day to a single dish—to a bowl of soup, to a plate of beans, or a sandwich—and there is no particular kind or quantity of food which the law demands for a meal, so far as we have been able to discover; it all depending upon the person to be served and

the condition of his appetite. Section 31, cl. "k," of the liquor tax law (Laws 1897, p. 234, c. 312), provides that the keeper of a hotel "may sell liquor to the guests of such hotel, * * * with their meals, or in their rooms therein, * * * but not in the barroom or other room of such hotel," and, as we have already suggested, the pavilion in front of the respondent's hotel, as it existed at the time of this alleged violation, was not the barroom or other similar room of such hotel. The statute also provides that a person is a guest of the hotel, within the meaning of the law, "who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining, and actually orders and obtains, at such time, in good faith, a meal therein." We apprehend, under the liberal construction to which a revenue measure is entitled, and considering the forfeiture which is worked by a violation of the provisions of the statute, it is not the duty of the respondent to inquire diligently into the motives which actuate those who frequent his premises. He has a right, in the absence of knowledge to the contrary, to assume that one who comes into his place and orders a sandwich or any other article of food does so because he desires the nourishment which it affords; and, if a single sandwich satisfies the desires of the person, it constitutes a meal, and the keeper of a hotel has the right to serve liquors to him with such meal.

The difficulty on this appeal is that the evidence is conclusive that the special agents of the excise department entered this pavilion and ordered whisky primarily; that they were subsequently told that they could not be served unless they ordered something to eat; that they distinctly told the waiter, in the hearing of the bartender, the respondent's wife, and another witness, called by the respondent, that they did not want anything to eat, as they had just been to dinner, and that they ordered two sandwiches, saying at the time that they were not obliged to eat them, and that, although the same were placed upon the table, they did not touch them. The respondent's wife, who was present for the purpose of making sandwiches, etc., testifies to these facts. The waiter who served them, the bartender who overheard the conversation, and another friendly witness all concur in what was said, so that there was no possibility that these sandwiches were served in good faith as a meal; and, if they were not, the special agents never became the guests of the respondent under the provisions of the statute, and the sale of whisky to them was a clear violation of the law. Matter of Schuyler, 63 App. Div. 206, 210, 71 N. Y. Supp. 437.

This court has refused to give a technical construction to the provisions of this act. We have held that the violation should be of the spirit, rather than the letter, of the act, to justify the harsh penalty of forfeiture of expensive certificates and the sacrifice of business rights. Matter of Cullinan, 75 App. Div. 301, 303, 78 N. Y. Supp. 118, and authorities there cited. But when the respondent's own witnesses and servants testify to a state of facts which entirely negatives the idea that the sandwiches were served in good faith as a meal, there is no room for construction, and the law must take its course.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.