First Appellate Department, July, 1905. Reported. 107 App. Div. 607.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* GEORGE H. BENSON AND OTHERS, Appellants.

THIS is an action brought under section 18 of the Liquor Tax Law for the full penalty of a liquor tax bond. The court directed a verdict in favor of the plaintiff.

*Charles C. Nadal,* for appellants.

The evidence being conflicting on every material question in the case, the court erred in directing a verdict for the plaintiff. (*McDonald* v. *Metropolitan Ry. Co.,* 167 N. Y. 66.) The Trial Court ignored the proof that the special agents of the plaintiff were served with sandwiches, and that these constituted a meal; also that the defendants had a right to sell liquor on Sunday thereafter. (*Matter of Cullinan* v. *Young,* 93 App. Div. 427; *Cullinan* v. *Quinn,* 95 App. Div. 492.) The court having directed a verdict for the plaintiff, the defendants are entitled to the most favorable inferences deducible from the evidence. (*Walden* v. *Fargo,* 170 N. Y. 130; *Huggin* v. *Eggleston,* 155 N. Y. 466; *Ladd* v. *Aetna Ins. Co.* 147 N. Y. 478.) So that for the purpose of this appeal, it must be treated as established, that the defendants were proprietors of a hotel, and that the special agents who went to this hotel on Sunday took seats at a table in a small eating-room, ordered three sandwiches when approached by a waiter, and then ordered three glasses of whiskey. It was therefore a question for the jury to determine whether the liquor was sold with a bona fide meal. Such an inference clearly might be drawn from the evidence. The jury alone could decide whether or not it should be

drawn. Merely because an order for liquors precedes in point of time a guest's order for food, does not justify the court in directing a verdict for the plaintiff on the supposition that the law has been violated.

*Herbert H. Kellogg,* for State Commissioner of Excise.

The court was not called upon to construe conflicting evidence, because the defendants' own proof clearly established that liquor was sold on Sunday to persons not guests. One of the defendants testifies: " I heard what these inspectors or agents said to Louis Freund. They told him to bring them a drink. He says ' You must have something to eat.' They said ' Well, bring us some sandwiches.' He got the sandwiches, and he got the drinks, and brought them back." The defendants were chargeable with knowledge that the special agents had not then resorted to the hotel for the purpose of obtaining, and that they did not actually order and obtain at such time, in good faith, a meal therein. (*Matter of Schuyler* v. *Rorphuro,* 63 App. Div. 206; *Matter of Cullinan* v. *Young,* 41 Misc. 3, affirmed, 73 App. Div. 427; *Culli-nan* v. *O'Connor,* 100 App. Div. 142; *Matter of Cullinan* v. *Dillon,* unreported; *Matter of Kinzell* v. *Malone,* 28 Misc. 622.)

The propriety of directing a verdict on uncontradicted evidence in actions on liquor tax bonds, is definitely settled. (*Lyman* v. *Shenandoah Social Club,* 39 App. Div. 459; *Lyman* v. *Gramercy Club,* 35 App. Div. 56; *Lyman* v. *Griffin,* 43 App. Div. 623; *Cul-linan* v. *Harley,* 171 N. Y. 661; *Cullinan* v. *Criterion Club,* 39 Misc. 270; affirmed, 86 App. Div. 626.) The plaintiff was entitled to a direction of a verdict, if he proved a single violation alleged in the complaint. (*Lyman* v. *Broadway Garden Hotel Co.,* 33 App. Div. 130; *Lyman* v. *Perlmutter,* 166 N. Y. 410.)

Judgment affirmed, with costs.

Appeal from a judgment entered upon a verdict directed by the court.

Per CURIAM: On the decisions in the cases of *Matter of Schuyler* (63 App. Div. 206), and *Matter of Cullinan* (*Young Certificate,* 93 id. 427), the judgment appealed from should be affirmed, with costs.

Present: O'BRIEN, P. J.; PATTERSON, INGRAHAM, MCLAUGHLIN and HATCH, JJ.