[Sac. No. 4873. In Bank.—June 26, 1934.]

F. W. SANDELIN, Plaintiff and Appellant, v. R. E. COLLINS et al., Defendants and Appellants.

Taft & Spurr for Plaintiff and Appellant.

H. L. Preston for Defendants and Appellants.

SHENK, J.—Both parties appeal from a judgment in a proceeding for declaratory relief under sections 1060 et seq. of the Code of Civil Procedure. The facts are undisputed.

The plaintiff is operating the Palace Hotel in the city of Ukiah, county of Mendocino. The hotel is a three-story brick and concrete structure, one hundred feet by two hundred feet in dimensions. Within the building is a dining-room wherein the plaintiff conducts a public eating place, in which customers of the plaintiff are served with meals and with wines or beer under an "on sale" license from the defendant State Board of Equalization. In the same building and on the same floor with the dining-room is a retail liquor store operated by the plaintiff, wherein liquor is sold in original packages under an "off sale"

license from the defendant. This liquor store has an entrance on West Smith Street, which is not the hotel entrance, and is separated from the dining-room by substantial partitions. The liquor store is patronized generally by the local and traveling public. Customers come to the dining-room bringing with them original packages containing intoxicating liquor (other than wine or beer) and open and consume the same while seated at the plaintiff's tables. Customers also frequent the dining-room and request the plaintiff or his employees to go to said liquor store, purchase liquor (other than wine or beer), and serve the same to them at the dining-room tables of the plaintiff. Other customers of the plaintiff come to the dining-room "and order a sandwich and a glass of beer or wine, or both, consume the beer or wine, or both, and leave the sandwich untouched". Customers also come to the dining-room, order a sandwich and a glass of beer or wine and consume both the sandwich and the beer or wine. The plaintiff desires to partition off a space in the dining-room twelve by fourteen feet in dimensions, with a service window opening into said dining-room, through which he may furnish liquor (other than wine or beer) to his customers in the dining-room, after which the employees of the plaintiff would take said liquor to a mixing counter, separate and apart from said liquor store, mix the same with other ingredients and serve it to said customers. A controversy has arisen between the plaintiff and the defendant board as to whether the use of said property as alleged and proposed is contrary to law, also as to whether the board has the right to designate persons to police the property of the plaintiff to prevent violations of law, and to prosecute offenders for such violations.

The board does not question the right of the plaintiff to serve wine and beer with regular meals in his dining-room, nor to sell liquors in his liquor store in original packages and not to be consumed on the premises where sold, and regulation with reference to the wholesale trade is not involved herein. The privileges which the plaintiff claims the right to exercise and which the defendants deny him are:

1. To permit patrons to bring into the dining-room liquor in original packages (other than wine or beer), and consume

the contents thereof while occupying seats at the dining-room tables.

2. To permit his employees in the dining-room to go to the liquor store, at the request of patrons of the dining-room, and procure liquor, other than wine or beer, and serve the same to said patrons.

3. To partition off a space in the dining-room twelve by fourteen feet in dimensions, with a service window opening into the dining-room, through which he may furnish liquor, other than wine or beer, to his customers in the dining-room; after which the employee of the plaintiff would take said liquor to a mixing counter, apart from the space partitioned off, add other ingredients thereto and serve the same to customers in the dining-room.

4. To serve wine and beer in the dining-room to patrons who order and consume only a sandwich and such wine or beer.

5. To serve wine or beer in the dining-room to patrons who order only a sandwich and wine or beer, and consume only the latter.

6. To be relieved of the policing of his premises by the defendant board and its inspectors.

The trial court found and declared that the plaintiff had not the rights asserted in items 1, 2, 3 and 6 above enumerated, but had the privileges claimed in items 4 and 5.

Prior to the enactment of the eighteenth amendment to the Constitution of the United States the right of regulation of traffic in alcoholic liquors was exercised by the state or under the authority of the state by local legislative bodies and by local option. These rights of regulation were superseded by the federal law and the enactment of the State Prohibition Enforcement Act, commonly known as the Wright Act. (Stats. 1921, p. 79.) The Wright Act was repealed by an initiative measure approved at the general election held on November 8, 1932. At the same election, also as an initiative measure (designated on the ballot as proposition No. 2), section 22 was added to article XX of the state Constitution. This section provides: "In the event of the repeal of the State Prohibition Enforcement law commonly known as the Wright Act, and if and when it shall become lawful under the Constitution and laws of the United States to manufacture, sell, purchase, possess

or transport intoxicating liquor for beverage purposes within the United States, the state of California, subject to the internal revenue laws of the United States, shall have the exclusive right and power to control, license and regulate the manufacture, sale, purchase, possession, transportation and disposition of intoxicating liquor within the state, and, subject to the laws of the United States regulating commerce between foreign nations and among the states, shall have the exclusive right and power to control and regulate the importation into and exportation from the state of intoxicating liquor; provided, however, no public saloon, public bar or bar room or other public drinking place where intoxicating liquors to be used for any purpose shall be kept, bought, sold, consumed or otherwise disposed of, shall ever be established, maintained or operated within the state; provided, further, subject to the above provisions, that in hotels, boarding houses, restaurants, cafes, cafeterias and other public eating places, wines and beer may be served and consumed with meals furnished in good faith to the guests and patrons thereof, and the legislature may authorize, subject to reasonable restrictions, the sale in retail stores of liquor contained in original packages, when such liquor is not to be consumed on the premises where sold." (Stats. 1933, p. lxxx.)

In 1933 the legislature enacted the present state Liquor Control Act to become operative upon the repeal of the eighteenth amendment to the Constitution of the United States. (Stats. 1933, p. 1697.) The eighteenth amendment was repealed by the twenty-first amendment, effective December 5, 1933.

The State Liquor Control Act of 1933 appears to be a complete and comprehensive plan for the license, regulation and control of the traffic in intoxicating liquors in conformity with the constitutional provision now in effect. Among other things, the statute provides:

"Section 1. In hotels, boarding houses, restaurants, cafeterias, and other public eating places, wines and beer may be served and consumed with meals furnished in good faith to the guests and patrons thereof, subject to the provisions of the act and other applicable provisions of law.

"Section 2. Liquor contained in original packages may be sold in retail stores where such liquor is not consumed

and is not to be consumed on the premises where sold, subject to the provisions of this act, and other applicable provisions of law.

"Section 3. No public saloon, public bar or barroom or other public drinking place where intoxicating liquors to be used for any purpose shall be kept, bought, sold, consumed or otherwise disposed of shall ever be established, maintained or operated within this state."

The act defines "liquor" or "intoxicating liquor" as "Beer, wine, gin, whiskey, cordials, or rum and every liquid or solid, patented or not, containing one-half of one per cent or more of alcohol by volume and which are fit for use for beverage purposes." An "on sale license" is defined as "a license to sell beer or wine for consumption with meals only on the premises in respect to which the license is issued". An "off sale license" is defined as a "license to sell liquor in original packages in retail stores for consumption only off the premises in respect to which the license is issued".

The language of section 22 of article XX of the Constitution (proposition No. 2) is plain. Subject to certain federal laws, the state thereunder has the exclusive right and power to control, license and regulate the manufacture, sale, purchase, possession, transportation and disposition of intoxicating liquors within the state. Under the broad and comprehensive language preceding the provisos the state could prohibit entirely the manufacture and traffic in intoxicating liquor, subject, of course, to interstate commerce laws. Indeed, the state, independent of the constitutional provision, would have that right under the police power, and having the power to prohibit entirely could impose such conditions and regulations as it might deem proper. (*Ex parte Christensen,* 85 Cal. 208 [24 Pac. 747]; *Matter of Application of Anixter,* 166 Cal. 762 [138 Pac. 353].)

The provisos are included in the constitutional amendment. The effect of each is to place limitations on the power theretofore in the section vested in the law-making department of the state. The first proviso is one of prohibition against saloons and other public drinking places and the second is one of assurance against prohibition in specified particulars. The plaintiff's hotel dining-

room, operating under an "on sale" license, is unquestionably a public drinking place, as contemplated by the constitutional provision; and this is not questioned. The first proviso would prohibit entirely the maintenance and operation of that dining-room if intoxicating liquor to be used for any purpose be kept, bought, sold, *consumed* or otherwise disposed of therein, if it were not for the second proviso which permits service and consumption of beer and wine only with regular meals. The first proviso strikes at the *consumption,* or disposition otherwise, of intoxicating liquor in said dining-room, and would operate as complete prohibition therein if it were not for the second proviso which permits and guarantees the right to the service and consumption therein of beer and wine with regular meals.

Applying the plain terms of the Constitution to the facts presented it must be declared:

1. That if the plaintiff should permit his patrons to bring into his dining-room liquor in original packages (other than wine or beer), and consume the contents thereof while occupying seats at the dining-room tables, he would be maintaining a public drinking place where such liquor is there *consumed,* in violation of the Constitution and the statute. (See *Butler Hotel Co.* v. *United States,* 35 Fed. (2d) 76; Id., 281 U. S. 733 [50 Sup. Ct. 248, 74 L. Ed. 1149]; *Briggs* v. *United States,* 45 Fed. (2d) 479; *Rossi* v. *United States,* 16 Fed. (2d) 712.)

2. That if the plaintiff should permit his employees in the dining-room to go to the retail liquor store, at the request of the patrons of the dining-room, and procure liquor, other than wine or beer, and serve the same to said patrons in the dining-room, he would be maintaining a public drinking place where such liquors are "consumed or otherwise disposed of", in violation of the Constitution and the statute.

3. If the plaintiff should partition off a space in the dining-room, with a service window opening therefrom into the dining-room through which the plaintiff would furnish liquor, other than wine or beer, to his patrons, and thereafter permit his employees to mix said liquor with other ingredients and then serve the same to his patrons in the dining-room, he would be maintaining a public drinking

place where such liquor is *kept, sold* or *consumed,* in violation of the Constitution and the statute.

In other words, under the plain terms of the Constitution, intoxicating liquors, other than wine and beer, may not under any circumstances lawfully be *consumed* in hotel dining-rooms or other public drinking places, in whatsoever manner said liquor may be supplied, and wine and beer may be consumed in the public places specified by the act only with meals. This conclusion is not arrived at by any process of construction or the ascertainment of the intention of the people of the state in enacting section 22 of article XX of the Constitution, but is compelled from the plain meaning of the words used. In such case there is no opportunity for construction; nor is there any function for the court to perform other than to apply to the facts the meaning which the constitutional provision plainly imports.

If construction of the language were required or justified, resort might well be had to the title of the initiative measure submitted to the electors of the state for their approval and prepared at the instance of the proponents thereof. The title states that the effect of the proposed constitutional amendment is as follows:

"Prohibits public saloons, bars or drinking places where intoxicating liquors are kept, sold or consumed.

"Permits serving wine and beer with meals furnished in good faith to patrons of hotels, boarding houses, restaurants, and public eating places.

"Permits legislation to authorize, under reasonable restrictions, sale of liquor in original packages in retail stores when same not consumed therein."

There is nothing in section 22 of article XX of the Constitution which would indicate that intoxicating liquor, other than wines and beer, might be served and consumed with meals. The contrary definitely appears. To hold that so-called "hard liquors" might be served and consumed with meals in public drinking places would be contrary to the plain terms of the Constitution which permit only wines and beer to be served with meals, and would seriously interfere with the regulation of the traffic in liquors as provided for in the Liquor Control Act.

■ To determine what shall constitute a meal as contemplated by the Constitution it is first noted that good faith is an element in the transaction. The State Liquor Control Act defines a meal as "that quantity of food of such nature as is ordinarily consumed by an individual at regular intervals for the purpose of sustenance" in the dining-rooms of hotels, boarding houses, restaurants, clubs, dining-cars, cafes, cafeterias, and other public eating places where meals are regularly served at tables.

The question now considered is whether a sandwich, consumed or unconsumed, when served with wine or beer, is a meal as contemplated by the Constitution and statute.

The question is one of fact. No light is thrown upon it by expert or other testimony or evidence in the record. If common knowledge be resorted to it may be said that to one who is accustomed to simple sustenance a sandwich with a beverage would constitute a meal. A sandwich may or may not be a meal within the meaning of the Constitution and the statute, depending on the circumstances. If it be served as a mere subterfuge for a meal, it is not such a meal. Under our modern system of living a sandwich served in good faith as a meal would constitute a meal as contemplated by law. (*In re Cullinan,* 93 App. Div. 427 [87 N. Y. Supp. 660].) Obviously, the court cannot lay down a general rule of law applicable in all cases with reference to a question so intimately connected with and controlled by individual tastes, conditions of diet and circumstances. If a sandwich is served in good faith as a meal the fact that it is not consumed would not as a matter of law classify it as lacking the essential characteristics of a meal. It may therefore be said generally that the question whether the food served with wine or beer is a "meal furnished in good faith" is primarily a question of fact to be determined as a problem in enforcement, having in mind the limitations of the Constitution and the definition of a meal in the statute.

To recapitulate: The Constitution and the Liquor Control Act provide that intoxicating liquors of all kinds may be sold by duly licensed retail dealers to the public generally, but only in original packages and when such liquor is not to be consumed on the premises where sold. The Constitution and the statute prohibit the maintenance or

operation within this state of any public drinking place where intoxicating liquors of any kind shall be kept, bought, sold, consumed or otherwise disposed of, except that wine and beer may, under appropriate licenses, be served and consumed with meals furnished in good faith in the dining-rooms of hotels, boarding houses, restaurants, cafes, cafeterias and other public eating places, to the guests and patrons thereof. Whether the food furnished with wine or beer or both, in such public eating places, constitutes a "meal" furnished in good faith is a question of fact to be determined in the enforcement of the act.

Lastly, the plaintiff asserts the right to operate his dining-room under the "on sale" license freed from policing on the part of the inspectors of the defendant board. Under section 5 of the State Liquor Control Act the board is "directed to administer and enforce the provisions of the act. For this purpose the board may employ . . . such additional inspectors and clerks as may be determined . . . to be necessary to the efficient administration and enforcement of the provisions of the act. The members of the board and the inspectors employed under the provisions of this act shall have all the powers of peace officers in enforcing the provisions of the act." A violation of any of the provisions of the act or of any order, rule or regulation of the board, or of any of the terms and conditions of a license issued by the board is made a misdemeanor. The board, under section 29, is directed to cause the prosecution by the proper authorities of those who violate the provisions of the act. The foregoing is ample authority for the board and its inspectors to investigate alleged or threatened violations of the law, a necessary element of which is the policing of the premises where such violations may be committed.

We are in accord with the conclusions of the trial court as expressed in the findings and judgment herein.

The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., and Tyler, J., *pro tem.*, concurred.