[Civ. No. 6381. Third Appellate District.—June 10, 1940.]

THREE G DISTILLERY CORPORATION (a Corporation), Respondent, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Appellants.

Earl Warren, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellants.

Don Lake and James R. Jaffray for Respondent.

THE COURT.—The complaint in this action alleged that plaintiff as a licensee under the Alcoholic Beverage Control Act (Stats. 1935, p. 1123) sent to a retailer a quantity of distilled spirits for the purpose of making a sale, and at the time believed that such distilled spirits were fit for beverage use, but that in fact such distilled spirits were improperly prepared and were returned to plaintiff for correction of the defect in preparation. It also appeared that plaintiff had, as required by the provisions of the act, sent to the retailer the required number and amount of stamps to be applied to the packages of distilled spirits contained in the particular shipment. As soon as the retailer found this particular liquor was not fit for beverage purposes, he returned the lot to the wholesaler, respondent herein, but prior to such discovery the stamps had been affixed to the several packages. The wholesaler received the return shipment and removed the stamps, and made demand upon the board for a refund of the value of the stamps so affixed, which was refused.

To the complaint a general demurrer was interposed, and after argument, was overruled, and defendants given time to

answer. This they refused to do, relying upon the asserted failure of the complaint to state a cause of action. The default of the defendants was then entered, and from the judgment entered thereon this appeal is taken.

■ Section 32 of the act is the section providing for the recovery of excise taxes illegally collected. This section requires that to recover any excise tax it must have been paid under protest, and only those grounds of illegality specified in the protest may be considered by the court. It is the failure to positively allege that the taxes were paid under protest that appellants claim render the complaint fatally defective.

■ Respondent contends that this excise tax is imposed only upon distilled spirits actually sold, but that inasmuch as these spirits were not properly prepared to be sold, plaintiff had no right or license to sell the same, and therefore this transaction could not be deemed to be a sale.

With this contention of plaintiff we cannot agree. Under the facts as alleged very obviously a sale was made. It may have been an illegal sale, but that would not exempt the seller from compliance with the statute. (*McKesson & Robbins, Inc.*, v. *Collins*, 18 Cal. App. (2d) 648 [64 Pac. (2d) 469].) The fact that the liquor stamps were sent by the seller to be affixed, indicates its idea of the transaction. Section 32 of the act is the only section providing for the recovery of excise taxes illegally collected. It is also the only section authorizing the judgment given here by the trial court, that is, the crediting of a licensee's tax liability to the extent of the amount determined to have been illegally collected.

The rule as stated in 61 Corpus Juris, page 1004, is universally accepted:

"The performance of all other conditions precedent to the maintenance of the action, such as protest, and a proper demand for the return of the tax before suit is brought, if they are required by the statute, must be alleged."

To the same effect is the rule in 21 California Jurisprudence, page 60, that "in pleading a right derived from a statute or statutory privilege one must allege the facts which the statute requires as to the foundation of his right . . . ", and so here, where the complaint failed to allege that the payment of the tax was under protest, the complaint was fatally defective and the demurrer should have been sustained.

■ True, as respondent states, no opportunity was given to file a protest, but in *Sandelin* v. *Collins,* 1 Cal. (2d) 147 [33 Pac. (2d) 1009, 93 A. L. R. 956], it was held that the legislature had the right to regulate the liquor business and to "impose such conditions and regulations as it may deem proper", that business being a privilege and not a right, and a license to carry on such activity is but a permit to do that which otherwise would be unlawful. (*State Board of Equalization* v. *Superior Court,* 5 Cal. App. (2d) 374 [42 Pac. (2d) 1076].)

■ Respondent cites us to the federal practice as evidenced in *United States* v. *American Tobacco Co.,* 166 U. S. 648, 649 [17 Sup. Ct. 619, 41 L. Ed. 1081], but that is governed by federal statute specifically providing for the return and redemption of revenue stamps that have been spoiled or which have through mistake, been improperly used. The Alcoholic Beverage Control Act contained no such provisions at the time here involved, but in 1937, section 33d was added which seems to make provision for such contingencies. Such an amendment would, under the general rule of statutory construction, seem to indicate an intention to change the meaning of the act rather than to interpret it. (*Young* v. *Three For One Oil Royalties,* 1 Cal. (2d) 639 [36 Pac. (2d) 1065].)

Since the complaint shows on its face that the claim for relief is based on an unlawful transaction, namely the sale of distilled spirits not properly prepared for beverage purposes, and the complaint not alleging that the taxes were paid under protest, the judgment must be reversed. It is so ordered.