[Civ. No. 8843. Third Dist. Nov. 7, 1956.]

HART'S DRIVE-IN CORPORATION (a Corporation), Appellant, v. STATE BOARD OF EQUALIZATION, Respondent.

Gilford G. Rowland and Adrian Kragen for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, for Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment denying recovery of sales taxes paid.. Appellant operates an establishment in Sacramento where hamburgers, cheeseburgers, French fried potatoes, milkshakes and soft drinks are sold to the public. The customers do not enter the building where the food is prepared, but place and receive their orders through one of four windows or ports. There is no car or other service except that an employee keeps the grounds clear of litter. Surrounding the building in which the food is prepared and dispensed there is a parking area

---

*Assigned by Chairman of Judicial Council.

sufficient to accommodate approximately 60 automobiles. There are two rest rooms, two drinking fountains, two cigarette vending machines and receptacles in which to place rubbish. There are loud speakers through which music is transmitted, which is played during the day and until 10 o'clock in the evening. The customers may consume what they purchase either on or off the premises, but there are no tables, chairs or counters. Many sit in their automobiles while eating and drinking. The sandwiches are wrapped in wax paper, the French fried potatoes are put in bags, and paper containers or cartons are used for holding the beverages. According to the customer's preference, an order is placed in a paper bag or on a cardboard tray which is not returned after use.

Respondent imposed, and appellant paid, a sales tax from the receipts of its business. This action was brought to recover the taxes so paid on the ground that its sales are of "food products" which are exempt from taxation. (Rev. & Tax. Code, § 6359.) Respondent contends that appellant's operations constitute the serving of "meals" and the preparing and serving of food for consumption "from trays" and therefore are not "food products" within the meaning of section 6359 of the Revenue and Taxation Code, which in material part provides:

" 'Food products' also do not include meals served on or off the premises of the retailer or drinks or foods furnished, prepared, or served for consumption at tables, chairs, or counters or from trays, glasses, dishes or other tableware provided by the retailer."

■ The applicability of this statutory exception is the only issue raised on the present appeal. Appellant maintains that the food it sells does not constitute a "meal," citing *Treasure Island Catering Co.* v. *State Board of Equalization*, 19 Cal. 2d 181, 185-187 [120 P.2d 1], and that it is not "served" within the meaning of the code section. It is appellant's position that its operations are no more the serving of meals than are the sales of box lunches or other food by restaurants and delicatessens upon which respondent admits no tax is imposed if the purchased food is not consumed on the premises but taken out. Appellant emphasizes that no services are rendered by waitresses or employees other than handing the customer his order on a cardboard tray or in a paper bag. Appellant also contends that cardboard trays on which, if the customer prefers, the order is placed instead of in a paper

bag are not such "trays" as are referred to in the statute. He claims the cardboard trays, which are not reused, lack the "permanency" of the other enumerated items of "tableware," such as "glasses" and "dishes." (*Treasure Island Catering Co.* v. *State Board of Equalization, supra,* at p. 188.) Respondent maintains and the trial court found, that appellant is serving meals and also furnishing food from trays. Respondent points out that food sold by appellant is of greater variety and more substantial than the hot dogs or hamburgers considered in the Treasure Island case. Respondent also maintains that the parking area and accommodations furnished by appellant are an inducement to the public to buy and eat "meals" which are "served" by appellant. As was said in *Sandelin* v. *Collins,* 1 Cal.2d 147, 156 [33 P.2d 1009, 93 A.L.R. 956] (cited in *Treasure Island Catering Co.* v. *State Board of Equalization, supra*):

". . . Under our modern system of living a sandwich served in good faith as a meal would constitute a meal as contemplated by law."

And in that decision the court also said that the question whether within the import of the statute a sandwich constituted a "meal" was in each instance primarily a question of fact, that a general rule of law could not be laid down in all cases with reference to a question so intricately connected with and controlled by individual tastes and conditions of diet and circumstances. The trial court here further found that the trays upon which appellant furnished food to its customers were trays within the contemplation of the statute. Appellant has advanced a substantial amount of semantic argument as to the meaning of "trays," as to the meaning of "meals," and as to what constitutes "service" by the retailer of food. We think, however, that the matters from which the appeal is here taken were matters within the fact-finding power of the trial court and that it is unnecessary to attempt to define as a matter of law what is a tray or what is a meal.

The judgment appealed from is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied November 30, 1956, and appellant's petition for a hearing by the Supreme Court was denied January 4, 1957. Schauer, J., was of the opinion that the petition should be granted.