Ms. Lenora H. Harman Executive Director, Judicial Administrative Commission
QUESTION:
If a traveler attends a function where the cost of a continental breakfast is included in a registration fee, must he reduce his state travel voucher by the amount allowed for breakfast even though he has eaten and paid for a regular meal?
SUMMARY:
Pending legislative clarification, under the existing provisions of s. 112.061, F.S., a `continental breakfast' is a `meal' within the purview of ss. 112.061(6)(a)2., 112.061(6)(d), 112.061(8)(e) and 112.061(11)(a) and (b), F.S., and where any such breakfast is included in the registration fee for any convention or conference lawfully attended by a state officer or employee, it must be deducted from the registration fees claimed by such officer or employee in accordance with the subsistence allowances provided in s. 112.061(6)(d)1., for `breakfast', or the per diem claimed must be appropriately reduced for any meals included in the convention or conference registration fees claimed by such officer or employee as provided in s. 112.061(11)(b), F.S.
Section 112.061(8), F.S., provides that certain incidental traveling expenses of a traveler (as defined by s. 112.061(2)(f), F.S.), including convention registration fees while attending a convention or conference, may be reimbursed. However, s.112.061(8)(e) requires that `any meals . . . included in the registration fee will be deducted in accordance with the allowances provided in subsection (6)' of s. 112.061, F.S. Subsection (6)(a)2. allows all travelers subsistence when traveling to a convention or conference `[u]p to the amounts permitted in paragraph (d) . . . for meals, plus actual expenses for lodging . . . .' Paragraph (d) of subsection (6) has reference to and is subtitled `meals only', and provides for subsistence allowances for breakfast, lunch and dinner. Pursuant to s.112.061(11)(a), the uniform travel authorization request form which is used by all state officers and employees must have attached thereto a copy of the program or agenda of a convention or conference to be attended `itemizing registration fees and any meals . . . included in the registration fee . . . .' Section112.061(11)(b), requires the uniform travel voucher which is used by all state officers and employees to provide, among other things, `that per diem claimed has been appropriately reduced for any meals or lodging included in the convention or conference registration fees claimed by the traveler . . . .'
While the travel expense law does not specifically define `meals' or `breakfast' quantitatively or for any particular purpose, in the context of s. 112.061(8)(e), requiring any meals included in the registration fee to be deducted in accordance with theallowances provided in subsection (6), and s. 112.061(6)(a)2., and (d), allowing up to $3.00 for `[b]reakfast' as 1 of 3 `meals' for which subsistence allowances are provided, it seems clear that the Legislature has treated `breakfast' as one of the several `meals' provided for in connection with subsistence allowances and as a `meal' within the intent and scope of ss. 112.061(6)(a)2.,112.061(8)(e) and 112.061(11)(a) and (b), F.S. The word `breakfast' is nowhere qualified or restricted or distinguished from any other meal or repast, or `regular meal' as stated in your question. This office is, of course, without authority to interject any such clarification, distinguishment or qualification into the statute or anywise alter the text thereof.
The Random House Dictionary of the English Language, the Unabridged Edition, defines `meal' as one of the regular occasions during the day when food is taken, as breakfast, lunch, or supper; the food served or eaten at such occasions. See also Davar Products, Inc. v. United States, U.S. Cust. Ct., 303 F. Supp. 1058,1063 (1969); cf. Sandelin v. Collins, 33 P.2d 1009, 1012,1013 (Cal. 1934). That dictionary defines `breakfast' as the first meal of the day; the food eaten at the first meal of the day, Id., at 182 and `continental breakfast' as a breakfast consisting of bread and a hot beverage, as croissants (rolls of leavened dough or puff paste shaped into a crescent and baked, Id., at 345) and cafe au lait (hot coffee poured in equal portions with scalded milk, Id., at 208). Id., at 316.
Therefore, pending legislative clarification, I must conclude that under the existing provisions of s. 112.061, F.S., a `continental breakfast' is a `meal' within the purview of ss. 112.061(6)(a)2.,112.061(8)(e) and 112.061(11)(a) and (b), F.S., and where any such breakfast is included in the registration fee for any convention or conference lawfully attended by a state officer or employee, it must be deducted from the registration fees claimed by such officer or employee in accordance with the subsistence allowances provided in s. 112.061(6)(d)1. for `breakfast', or the per diem claimed must be appropriately reduced for any meals included in the convention or conference registration fees claimed by such officer or employee as provided in s. 112.061(11)(b), F.S.
Prepared by: William D. Hall, Jr., Assistant Attorney General