(157 App. Div. 437.)

### PEOPLE ex rel. GOODYEAR v. FRIEDMAN.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

1. SUNDAY (§ 5*)—VIOLATION OF LAW—STATUTES—"MEAL."

    In a prosecution under Penal Law (Consol. Laws 1909, c. 40) § 2147, prohibiting the public selling of any property on Sunday except that articles of food may be sold and supplied before 10 a. m., and except also that meals may be sold to be eaten on the premises where sold or served elsewhere by caterers, defendant who made a single sale of cooked ham and sturgeon on Sunday, at 4:30 p. m. at his delicatessen store, where he served cooked food and meals to be eaten on the premises or to be removed and consumed elsewhere, on evidence not showing that the ham

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and sturgeon did not constitute a "meal," and were not sold to be eaten on the premises, could not be convicted; since the purpose of the law was to prevent the interruption of repose and religious liberty, and since it was within the exception which embraces both the public sale of meals to be eaten where sold and the public sale of meals to be served elsewhere, and which permits sales ·by any one of ·meals to be eaten on the premises where sold and public sales by caterers of meals to be served elsewhere, the word "meal" meaning a portion or quantity taken at one of the regular times for. refreshment or upon occasions of hunger to satisfy the appetite.

[Ed. Note.—For other cases, see Sunday, Cent. Dig.. §§ 5–10; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 5, pp. 4451, 4452; vol. 8, p. 7719.]

2. CRIMINAL LAW (§ 13*)—PROHIBITORY OR PENAL STATUTE.

A prohibitory statute affecting personal liberty and punishing violations thereof criminally should not be deemed to forbid acts not clearly within the scope of its provisions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 13, 14; Dec. Dig. § 13.*]

McLaughlin and Clarke, JJ., dissenting.

Appeal from Court of General Sessions, New York County.

Prosecution by the People of the State of New York, on the relation of Cornelius Goodyear, against Philip Friedman. From an order of the Court of General Sessions affirming a judgment rendered by a city magistrate convicting him of a violation of the Penal Law, defendant appeals. Judgment reversed, fine remitted, and defendant discharged.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred B. Nathan, of New York City (Leon M. Prince, of New York City, on the brief), for appellant.

Louis Fabricant, of New York City, for respondent.

LAUGHLIN, J. [1] The complaint and evidence in the Magistrate's Court showed that the defendant was seen by a police officer making a single sale of cooked ham and sturgeon on. Sunday afternoon of the 17th of November, 1912, at 4:30 o'clock at No. 527 Columbus avenue where he conducted a delicatessen store, and served cooked food and meals to be eaten on the premises, or to be removed and consumed elsewhere. The charge was limited to this sale, and it contains no allegation and there is no evidence with respect to whether the food was to be eaten or was in fact eaten on the premises, or was sold for the purpose of being taken away or was in fact taken away. The evidence does· show, however, that the store was open and crowded at the time, and the defendant testified that he was a caterer and served approximately 200 meals on Sunday, most of which were eaten on the premises, but some of which were taken away for consumption elsewhere, and that he catered to parties and balls, and his evidence was not controverted. This testimony given by the defendant was general, and had no specific reference to the Sunday in ques-

tion, and no reference at all to the particular sale with which he was charged. The conviction must stand or fall on the charge and the evidence relating thereto, and it cannot be sustained on the theory that it may be inferred from the testimony given by defendant that he sold meals at other times and to others to be consumed elsewhere than on his premises.

Section 2147 of the Penal Law as it existed at the time in question provided as follows:

"All manner of public selling or offering for sale of any property upon Sunday is prohibited, except that articles of food may be sold and supplied at any time before ten o'clock in the morning, and except also that meals may be sold to be eaten on the premises where sold or served elsewhere by caterers; and prepared tobacco, milk, ice and soda-water in places other than where spirituous or malt liquors or wines are kept or offered for sale; and fruit, flowers, confectionery, newspapers, drugs, medicines and surgical appliances may be sold in a quiet and orderly manner at any time of the day. The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day."

This section of the Penal Law was taken from the Penal Code, and has not been materially changed since its original enactment as section 267 of the Penal Code.

Counsel for appellant states in his points that this is a test case, and he argues the appeal on the assumption that the ham and sturgeon were sold not to be eaten on the premises, and he contends that the true construction of the statute is that the Legislature intended to except from the prohibition of public sales on Sunday, the sale by caterers of meals to be eaten where sold or to be served elsewhere. It appears that in the case of the People v. Krakauer, tried in the Court of General Sessions June 14, 1899, Judge McMahon delivered an opinion construing this statute as authorizing the sale by caterers of meals to be eaten on their premises or to be removed therefrom and eaten elsewhere; and we are informed by counsel for the appellant that the construction thus given to the statute has been acquiesced in, and that business has been conducted in accordance therewith without interference by the police authorities until very recently. It is probable that the recent attempt to enforce a different construction of the law attracted the attention of the Legislature, for by chapter 346 of the laws of this year the section has been revised so as to show clearly that delicatessen dealers are not to be deemed caterers, that meals may be sold by any one to be eaten on the premises where sold, and may be served by caterers to their patrons at any time on Sunday the same as on other days, and that articles of cooked or uncooked food, other than uncooked fresh or salt "flesh foods or meats," may be sold and delivered by any one before ten o'clock in the morning on Sunday, and delicatessen dealers are given the additional privilege of selling, serving, and delivering cooked food in the afternoon between the hours of 4 and half past 7 o'clock.

Counsel for the people therefore suggests that a judicial construction of the former statute is no longer of public importance, and would only affect the case of the appellant. In these circumstances we

do not deem it necessary to construe the statute further than required by the facts now before the court. It is quite clear that the sale of meals, to be eaten on the premises where sold, comes within the exception to the prohibition; and the evidence does not show that the ham and sturgeon did not constitute a meal, and were not sold to be eaten on the premises. It would be unreasonable to impute to the Legislature an intention to make it unlawful publicly to sell meals to be served where sold. Such a construction would extend the terms of the statute to boarding houses and to restaurants and hotels. The Legislature has not defined what constitutes a meal. The Standard Dictionary defines the word "meal" as follows:

"The portion or quantity of food taken either at one of the regular times for refreshment, or upon occasions of hunger to satisfy the appetite."

It has been authoritatively held under the Excise Law that a sandwich or a bowl of soup, or a plate of beans, or any quantity of food which at the time satisfies the appetite or desire of the person taking it, constitutes a meal. Matter of Cullinan, 93 App. Div. 427, 87 N. Y. Supp. 660; Matter of Clement, 117 App. Div. 5, 102 N. Y. Supp. 37. It may be further observed that the exception must be construed in the light of the prohibition which was against public sales. The exception relates to meals, and therefore to meals sold publicly which but for the exception would come within the prohibition of the statute. The exception therefore embraces both the public sale of meals to be eaten where sold, and the public sale of meals to be served elsewhere. The phraseology and punctuation of the statute leave room for doubt concerning its further construction; but it would seem that the Legislature intended to except from the prohibition sales by any one of meals to be eaten on the premises where sold, and public sales by caterers of meals to be served elsewhere.

[2] A prohibitory statute, affecting personal liberty, and providing for the punishing of violations thereof criminally, should not be deemed to forbid acts not clearly within the scope of its provisions. It is extremely doubtful whether the Legislature intended to confine the exception, with respect to meals sold by caterers for consumption elsewhere, to meals also actually served elsewhere by caterers. The purpose of the legislation was to prevent the serious interruption of "repose and religious liberty" (Penal Law, § 2140); and, since the public sale of meals by caterers at one place to be served and consumed at another is excepted, the repose and religious liberty of the community would be disturbed and affected only by the sale and delivery, and would not be affected in the least by the question as to who waits on table in a private house. Sales at a private house, where meals are delivered or served and consumed, would not be public sales, and would not be prohibited by the statute. In so far as the statute relates to caterers, it is clear that the Legislature contemplated that the sales and consumption of meals would be at different places. It may be, therefore, that it contemplated that caterers might sell meals at their places of business, and deliver them elsewhere, and that "served" is used in the statute in the sense of "supplied," and that

it would not be necessary for the caterer to actually serve meals to be eaten elsewhere than at the place they are sold. In the absence of a statutory definition of "caterer," it should not be held on the evidence, the material part of which has been stated, that the defendant was not a "caterer" within the purview of the statute. However, for the reasons stated, it is neither necessary to decide nor to express a decided opinion on these points at this time, and with these observations they should be left for adjudication until they are necessarily presented by the facts.

It follows that the order of the Court of General Sessions and the judgment of conviction should be reversed, and the fine remitted, and the defendant discharged.

INGRAHAM, P. J., and SCOTT, J., concur.

McLAUGHLIN, J. (dissenting). The defendant was properly convicted for violating section 2147 of the Penal Law as it existed at the time the sale here in question was made. This section provides that all manner of public selling or offering for sale of any property upon Sunday is prohibited, except that articles of food may be sold and supplied at any time before 10 o'clock in the morning and also that meals may be sold, to be eaten on the premises where sold, or served elsewhere by caterers.

The defendant at the time was conducting the ordinary delicatessen store. At about 4:30 p. m. on Sunday, November 17, 1912, he sold some cooked ham and sturgeon. This fact is not disputed. There is no pretense or claim made that the ham and sturgeon were to be eaten on the premises. The store was wide open at the time, many persons going in and out, and sales made in precisely the same way they were on other days of the week.

The defendant was properly convicted on his own admission. The sale in question violated the section of the statute referred to, unless we are, by judicial construction, to read into the statute something which does not there appear. In this connection it is to be observed that by chapter 346 of the Laws of 1913 the section was amended so as to permit delicatessen dealers to sell cooked food on Sunday between 4 and 7:30 p. m.

For these reasons, I dissent and vote to affirm the conviction.

CLARKE, J., concurs.