Robert W. Cacace, J.
The defendant herein, an operator of a large supermarket within the City of Yonkers, is charged with selling herring by the piece in violation of the Code of the City of Yonkers.
The defendant has moved for dismissal on various grounds. It alleges that the ordinance permits the sale of herring by the piece; that the code is ambiguous; that the ordinance is unenforceable as being vague and indefinite; and that the ordinance is being selectively enforced against it.
Nowhere in the moving papers is there any indication of discriminatory practices on the part of the city in enforcement. As it is the obligation of the defendant to prove selective enforcement (People v Utica Daw’s Drug Co., 16 AD2d 12), this defense cannot be considered on the record before the court.
The ordinances in question read as follows:
"meat poultry and fish
"Except for immediate consumption on the premises where sold or as one (1) of several elements comprising a ready-to-eat meal sold as a unit for consumption elsewhere than on the premises where sold, all meat, meat food products, poultry (whole or parts), all seafood except shellfish, offered or exposed for sale or sold as food, shall be offered or exposed for sale by net weight.” (Code of Ordinances of City of Yonkers, § 104-41.)
*545 "sale by net weight
"All meat, poultry and fish shall be sold, advertised or offered for sale by avoirdupois net weight and shall not be sold or offered for sale by the head or piece. Except for immediate consumption on the premises where sold or as one (1) of several elements comprising a ready-to-eat meal sold as a unit for consumption elsewhere than on the premises where sold, all meat, meat food products, poultry (whole or parts), and all seafood except shellfish, offered or exposed for sale or sold as food, shall be offered or exposed for sale and sold by net weight.” (Code of the City of Yonkers, § 104-41.1.)
The modus operandi of the defendant in selling and offering for sale this product is to have the same displayed in a refrigerated case. The herring is combined with various sauces and condiments and sold at an advertised price per piece. After purchase by the consumer, the fish is taken from its sauce, cut up, and placed into a container to which is added a portion of the sauce in which the fish has been marinating. Neither the fish nor the marinade is weighed at any time. The addition to the basic product, i.e., herring, according to the defendant, creates a "ready-to-eat meal” and as such is exempt from the requirements of the ordinance that sale must be by weight.
The question of what is or is not a meal has been considered by the courts. The question has arisen by virtue of the enforcement of the Liquor Tax Law. In Matter of Cullinan (Young Certificate) (93 App Div 427) the court held that the service of a sandwich by a tavern owner to a customer was sufficient to comply with the Liquor Tax Law which barred the service of alcohol on Sundays except with meals. The court stated (p 429) "there is no particular kind or quantity of food which the law demands for a meal * * * it all depending upon the person to be served and the condition of his appetite”.
The subsequent cases interpreting the liquor tax laws have adopted and accepted the Cullinan rationale as to the meaning of the word meal. (Matter of Kinsel, 28 Misc 622; Matter of Lyman, 28 Misc 408; Matter of Clement [Martin Certificate], 117 App Div 5; People v Friedman, 157 App Div 437.) In the Friedman case (supra) the court (p 440), in accepting the Cullinan definition of a meal, uses the following language "it has been authoritatively held under the Liquor Tax Law that a sandwich, or a bowl of soup, or a plate of beans, or any *546 quantity of food which at a time satisfies the appetite or desire of the person taking it constitutes a meal.”
An examination of Webster’s Third New International Dictionary (Unabridged ed, p 1398) reveals the following definition of a meal: "The portion of food taken at a particular time to satisfy hunger or appetite”. There is no doubt that the herring offered for sale in the instant matter could be construed to be a meal.
The ordinance however speaks of a "ready-to-eat meal”. The specific exception reads as follows: "Except for immediate consumption on the premises where sold or as one (1) of several elements comprising a ready-to-eat meal sold as a unit for consumption elsewhere than on the premises where sold” (Code of the City of Yonkers, § 104-41). The question is then whether or not the offer of this product is the offer of a "ready-to-eat meal sold as a unit”. If so, such an offer or sale is not prohibited by the ordinance. There is no doubt that the product is ready-to-eat in that it is eaten as sold and no further processing is required before it is consumed. The problem is that many food items which are regularly sold also fit this description, e.g., cold cuts, potato salad, baked beans, pickles, cheeses of all varieties, and many more. It cannot be seriously argued that all of these products are exempt from the proscription of the law requiring sale by weight. If that were so the effect would be a disemboweled ordinance which cannot be the result intended by the Legislature. (450 Estates v Favorite Paper Box Co., 127 NYS2d 185; Airo Liqs. v New York State Liq. Auth., 29 AD2d 271; Matter of Zinn, 185 Misc 604.)
What then is the meaning of the term "ready-to-eat meal sold as a unit?” An examination reveals only one case which addresses itself to the question and that case held that an offer of chicken and ribs by a "Chicken Delight” retail store, even though the food was prepared and ready for immediate consumption, was not a "ready-to-eat” meal within the purview of the Agriculture and Markets Law. (Wickham v Levine, 47 Misc 2d 1, affd 24 AD2d 1035, 23 NY2d 923.)
The chicken and ribs in that case required more preparation than the herring in the instant matter, for they had to be cooked. Even so there is an important distinction between the activity as defined in the Wickham case and the activity in the instant case. The sale of cooked chicken, in such establishments as "Chicken Delight” stores, is of relatively recent *547 origin, at least in this area. The sale of herring by the piece, pickled in cream sauce or wine sauce, is a custom of the trade long antedating the adoption of the city ordinance and indeed the adoption of the Agriculture and Markets Law. Such custom and usage can be recognized by a court to determine the intent of the Legislature (Drummond v Norton Co., 156 App Div 126, affd 213 NY 670).
Herring has been sold by the piece, in this State, for over 100 years. The use of such herring, in the main, has been by the Jewish population of this State and its use is and has been so widespread that the city council, at the time it enacted the law controlling the sale of meat products and fish, would have had to be cognizant of the accepted practice and could have readily prescribed a method of sale different from the established custom, as it has done in other instances (See Code of the City of Yonkers, §§ 104-47 [sale of eggs], 104-51 [sale of bread], 104-11 [sale of poultry], 104-17 [sale of processed meats].)
One other consideration must occupy the court. The ordinance is penal in nature, as such it is required to give unequivocal warning to citizens of the rule which is to be obeyed. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 271.) The city council by excepting "ready-to-eat meals sold as a unit” has not clearly prohibited the practice of selling this herring by the piece. In view of its widespread and longstanding use as a "ready-to-eat” meal and the acceptance by the community of the practice of sale and purchase by the piece long before the ordinance was enacted, a specific prohibition by the council is required.
Accordingly, the complaint is dismissed and the defendant is discharged.