[Civ. No. 4339.    First Appellate District, Division Two.—August 10, 1922.]

PALACE HOTEL COMPANY OF SAN FRANCISCO (a Corporation), Petitioner, v. BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] MANDAMUS—PAYMENT OF JUDGMENTS AGAINST CITY—SUFFICIENCY OF PETITION—PARTIES.—In this proceeding in *mandamus* to require the board of supervisors of the city and county of San Francisco to take the appropriate proceedings for the levy and collection of a tax sufficient to pay all final judgments filed by the county clerk with the county auditor during the current fiscal year, the petition contained all the necessary averments relating to the judgment which the petitioner held against the city and county to entitle petitioner to the issuance of the writ prayed for, so far as that judgment was concerned; but so far as petitioner sought to obtain relief for others who held judgments against the city and county, his petition failed to allege any facts bringing it within the terms of section 1086 of the Code of Civil Procedure, which provides that the writ of mandate "must be issued upon the verified petition of the party beneficially interested."

PROCEEDING in Mandamus to compel the Board of Supervisors of the City and County of San Francisco to levy and collect tax to pay judgments. Writ granted.

The facts are stated in the opinion of the court.

Drown, Leicester & Drown for Petitioner.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

NOURSE, J.—This is an original proceeding in *mandamus* to require the respondents, as members of the board of supervisors of the city and county of San Francisco, to take the appropriate proceedings for the levy and collection of a tax sufficient to pay all final judgments against the said city and county that were included in a list of final judgments filed by the county clerk with the county auditor during the current fiscal year. The respondents have appeared by general demurrer. [1] The petition contains all the necessary averments relating to the judgment which the petitioner holds against the city and county and so far as that judgment is concerned the writ of *mandamus* should issue. But in so far as the petitioner seeks to obtain relief for others who hold judgments against the city and county, it fails to allege any facts bringing it within the terms of section 1086 of the Code of Civil Procedure, which provides that the writ of mandate "must be issued upon the verified petition of the party beneficially interested."

Let the writ issue commanding the respondents to include in the tax levy for the fiscal year ending June 30, 1923, a sum sufficient to pay the judgment held by petitioner or an aliquot part thereof as provided by the act of March 23, 1901. (Stats. 1901, p. 794.)

Langdon, P. J., and Sturtevant, J., concurred.