[Civ. No. 6932. First Appellate District, Division One.—May 28, 1929.]

WILLIAM H. COOK et al., Petitioners, v. BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Peter A. Breen and Percy E. Towne for Petitioners.

John J. O'Toole, City Attorney, and Edmund P. Bergerot, Assistant City Attorney, for Respondents.

THE COURT.—Proceeding in *mandamus.*

It appears that the petitioners are owners of final judgments obtained respectively by them against the respondent City and County of San Francisco for the recovery of certain unlawful and void taxes paid by said petitioners under protest to said respondent. It further appears that heretofore on August 22, 1928, in compliance with the provisions of an act of the legislature entitled "An act to provide for the payment of judgments against counties, cities, cities and counties and towns" (approved March 23, 1901 [Stats. 1901, p. 794]), the county clerk of said City and County of San Francisco duly filed with the auditor of said city and county and furnished to the Board of Supervisors thereof a complete list of all of the then existing final judgments against said City and County of San Francisco of record in his office; that the auditor of said city and county thereupon duly examined and audited said final judgments and duly certified the amount thereof to the treasurer of said city and county, and that included in the said list of final judgments were the judgments above mentioned owned and held by the respective petitioners.

It is admitted that the petitioners have complied with all the provisions of said "Act to provide for the payments of judgments, etc.," but that said Board of Supervisors has

failed, refused and neglected to approve the demands of petitioners that said judgments be paid, and has refused to authorize the payment of said several judgments, and has refused to include in the tax levy for the fiscal year ending June 30, 1930 (being the next fiscal year after the filing and furnishing of the aforesaid list of judgments), a rate or sum sufficient to pay said final judgments, or to pay an aliquot part or fraction of the amount of said judgments not less than one-tenth of the whole.

It further appears from the petition that there is not at this time and will not be at any time during the current fiscal year any money in the surplus fund of said city and county, or in the treasury of said city and county, to the credit of said surplus fund, and no money has heretofore been appropriated or apportioned for the payment of said judgments, and there is no money in said treasury applicable to the payment of said judgments.

These averments of the petition being admitted by the respondents, it follows that the petitioners are entitled to the writ of mandate prayed for, commanding the respondent Board of Supervisors to include in the tax levy hereafter to be made for city and county purposes for the fiscal year ending June 30, 1930, a rate or sum sufficient to pay said respective final judgments, or to include in said levy a sum sufficient to pay an aliquot part or fraction of each of said judgments (in no case less than one-tenth of the amount thereof) ; and commanding said respondent in case it shall include in said levy a sum sufficient to pay only an aliquot part or fraction of each of said judgments, to thereafter levy in each successive year an aliquot part or fraction of said judgments (in no case less than one-tenth thereof) until the whole of said final judgments shall have been fully paid.

Let the writ issue as prayed for.