[S. F. No. 14961. In Bank.—August 21, 1933.]

VERNON CHARLES LE CLERG et al., Petitioners, v. CITY OF SAN DIEGO (a Municipal Corporation), et al., Respondents.

Sanders & Jacques for Petitioners.

C. L. Byers, City Attorney, and Gilmore Tillman and H. B. Daniel, Assistant City Attorneys, for Respondent.

THE COURT.—This is a second petition for a writ of *mandamus* wherein the same petitioners seek to compel the same respondents to issue warrants in satisfaction of judgments held by the petitioners against the City of San Diego. In the first proceeding the petitioners sought the issuance of warrants for the payment of said judgments in full or the levy of a tax to satisfy the same in full. It was determined therein that the city had the right to elect to proceed in accordance with the act of 1901 (Stats. 1901, p. 794), by levying a tax for at least one-tenth of the amounts of said judgments each year, and that it would not be presumed

that the city would refuse to levy a tax for that purpose for the fiscal year 1933–1934, as provided in said act. The peremptory writ in the prior proceeding was therefore denied without prejudice. (*Le Clerg* v. *City of San Diego, ante*, p. 494 [24 Pac. (2d) 156].) After the opinion was filed in that proceeding, on July 13, 1933, the petitioners made a demand on the common council of the respondent city to levy a tax for the present fiscal year sufficient to pay said judgments in full, or to levy a tax this year sufficient to pay two-thirds of said amounts and to provide for a tax for the remaining one-third in the fiscal year 1934–1935, or to levy a tax for one-third for the present fiscal year and one-third each for the two years following, or to levy a tax for two-tenths for the fiscal year 1933–1934 and the remainder in eight equal annual installments. The demand was refused.

The present proceeding was commenced on July 22, 1933. A hearing on the return to the alternative writ was had on August 8th and the matter was then submitted. On the latter date a petition for a rehearing and modification of the judgment in the former proceeding was pending and undetermined. With full appreciation of the fact that if the judgment in the former proceeding should become final most of the questions involved in the present proceeding would become settled and the adjudication be binding upon the parties hereto, the petition for a rehearing and modification of said judgment was denied.

█ The finality of the judgment in the former proceeding has foreclosed the petitioners from insisting that they now have the right to compel a tax levy for the ensuing fiscal year sufficient to pay said judgment in full.

█ The claim for payment of two-thirds this year and one-third next year or for payment in three equal annual installments is based upon an alleged agreement between the petitioners and the city for payment on those terms. It appears that in June, 1932, the common council appointed a special budget committee to confer with the petitioners with reference to the terms of payment of their claims. This committee, with the consent of the petitioners, recommended to the council that such payment be made in three equal annual installments. The city attorney, by resolution of the

council, was directed to draft an agreement between the petitioners and the city as recommended by the committee. Such an agreement, however, was not finally executed. A preliminary budget for the fiscal year 1932–1933, including an item of $25,000 payable to the petitioners, was prepared by the special committee and submitted to the council. This budget was rejected and a new budget finally approved by the council eliminating such or any item for the benefit of the petitioners. The record therefore discloses that no final action was taken by the city which would constitute a binding obligation to pay in three installments.

The petitioners further contend that the respondents should be compelled to levy a tax for the fiscal year 1933–1934 sufficient to pay at least two-tenths of the judgment claims. The contention is based on the claim that it was the duty of the city to levy a tax for at least one-tenth for the fiscal year 1932–1933, and since it did not do so at least two-tenths should be levied for the present fiscal year. The city resists this claim and asserts that under the terms of the act of 1901 no duty was imposed on the city to levy a tax for said purposes for the fiscal year 1932–1933. It is pointed out that when the necessary steps have been taken under said act to require the city to levy the tax, then and then only it becomes the duty of the city under section 3 of the act to levy the tax for the *next* fiscal year for at least one-tenth of the judgment claims. It is also pointed out that under the city charter the fiscal year commences on July 1st and ends on June 30th of the following year. It appears without question that the steps necessary to put the act of 1901 in motion were not completed until July 19, 1932, which was after the commencement of the new fiscal year. Under the strict wording of the statute the *next* fiscal year would be the fiscal year 1933–1934.

Although the petitioners have not shown their right to the specific relief prayed for, the facts disclose that they are entitled, under their prayer for general relief, to the levy of a tax for the present year of at least one-tenth of the amount of said judgment claims, and we think that the respondents are foreclosed by the former proceeding from contending that the petitioners are not entitled to such relief.

676

A peremptory writ should therefore issue forthwith, directing the respondents to levy a tax for the fiscal year 1933–1934 sufficient to pay at least one-tenth of the amount of said judgment claims and to pay the amount of money so derived to the petitioners.

It is so ordered.