[Civ. No. 9788. First Appellate District, Division One.—March 20, 1935.]

STATE BOARD OF EQUALIZATION OF THE STATE OF CALIFORNIA et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Petitioners.

Harry A. McKenzie, J. H. Sapiro and Raymond D. Williamson for Respondents.

THE COURT.—The State Board of Equalization granted to Villard W. Sloan, doing business under the name and style of "Pirates Cave", and to the Rainbow Tavern, Inc., a corporation, licenses pursuant to the provisions of the State Liquor Control Act. Subsequently the board upon its own motion investigated the manner in which said licensees were conducting their business. Following this investigation the board revoked the licenses and gave notice thereof to the licensees. The licensees then brought in respondent court two actions to enjoin the board from interfering with the conduct of their business, and temporary injunctions were granted. The actions mentioned were entitled *"Villard Wilmont Sloan, individually and doing business under the fictitious name and style of 'Pirates' Cave'* v. *State Board of Equalization et al.",* being action number 256059 as shown by the register of actions in said court, and *"Rainbow Tavern, Inc., a corporation,* v. *State Board of Equalization",* being action number 256060, as shown by said register of actions. The ground for injunctive relief was that no notice and no opportunity to be heard was given the licensees previous to the revocation of their licenses, and that in the absence thereof the board was without power to act in the manner stated.

The board claims in the present proceeding that in view of the undisputed facts the respondent court was without jurisdiction to enjoin the acts complained of, and that appropriate relief should be granted.

The State Liquor Control Act [Stats. 1933, p. 1697] provides that the board may upon its own motion, and shall upon the verified complaint in writing of any person, investigate the action of any licensee, and shall have power to temporarily suspend or permanently revoke a license thereof for certain acts or omissions; and by section 22 of article XX of the Constitution of the state of California, as amended in 1934, the board is also given direct power in its discretion to deny or revoke any specific liquor license if it shall determine for good cause that the continuance of such license would be contrary to public welfare or morals.

■ Unlike the rule with respect to the right to deal in ordinary commodities considered in the numerous cases cited and relied upon by respondent, there is no inherent right in a citizen to sell intoxicants (*Ritz* v. *Lightston,* 10 Cal. App. 685 [103 Pac. 363]; *Foster* v. *Board of Police Commissioners,* 102 Cal. 483 [37 Pac. 763, 41 Am. St. Rep. 194]); and a license to do so is not a proprietary right within the meaning of the due process clause of the Constitution (Const., art. I, sec. 13), nor is it a contract (*Hevren* v. *Reed,* 126 Cal. 219 [58 Pac. 536]); it is but a permit to do what would otherwise be unlawful, and consequently, a statute authorizing its revocation does not violate the due process clause, and it may be revoked without notice or hearing without invading any constitutional guarantees. (33 Cor. Jur., Intoxicants, sec. 91, p. 532; 37 Cor. Jur., Licenses, sec. 112, p. 248; *Wallace* v. *Mayor of Reno,* 27 Nev. 71 [73 Pac. 528, 103 Am. St. Rep. 747, 63 L. R. A. 337]; *Martin* v. *State,* 23 Neb. 371 [36 N. W. 554]; *Sprayberry* v. *City of Atlanta,* 87 Ga. 120 [13 S. E. 197].)

■ The State Liquor Control Act requires that upon filing with the board of a verified complaint in writing by any person the board shall investigate the action of any licensee. The act further provides in such cases for the issuance of a citation to the licensee, for an answer by him and a hearing thereon. As stated, the licensees in the actions before the respondent court contended, and they now contend that the same rule applies where the board acts upon its own motion.

We cannot agree with this contention. Neither the act nor the Constitution purports to require a notice or a hearing in cases where the board proceeds independently; and to so hold would be to read into the statute requirements not warranted by its language. ■ Where a statute is free from ambiguity and uncertainty it needs no construction and will be enforced as written. (23 Cal. Jur., Stats., sec. 103, p. 721.) ■ It was clearly the intention of the lawmakers that when the board, upon an independent investigation, should be in possession of facts sufficient to support the conclusion that a licensee has been guilty of acts or omissions which are grounds for revocation or suspension of the license, it may make an appropriate order without notice or hearing.

This, of course, does not mean that a licensee is without remedy where the facts do not support the action of the board. (*Great Western Power Co.* v. *Pillsbury*, 170 Cal. 180 [149 Pac. 35]; *Brecheen* v. *Riley*, 187 Cal. 121 [200 Pac. 1042]; *Bley* v. *Board of Dental Examiners*, 87 Cal. App. 193 [261 Pac. 1036]; *Bold* v. *Board of Medical Examiners*, 133 Cal. App. 23 [23 Pac. (2d) 826].)

It has been held that an injunction may issue restraining a public officer, acting under the special authority of a statute which prescribes a particular method in which he shall perform his duties, from exceeding his powers (*Cowell* v. *Martin*, 43 Cal. 605), or where the invalidity of the statute under which he is acting is shown. (*Reclamation Dist.* v. *Superior Court*, 171 Cal. 672 [154 Pac. 845].) ▮ But where, as here, the validity of a law is beyond question and the powers of the board are plain, the jurisdiction of a court to issue an injunction is limited by subdivision 4 of section 3423 of the Civil Code, which provides that an injunction cannot be granted to prevent the execution of a public statute by officers of the law for the public benefit. (Code Civ. Proc., sec. 526.) Therefore the temporary injunctions heretofore issued by the respondent court were ineffectual, and prohibition will lie to prevent the further prosecution of an action seeking such relief, although an appeal might be taken from the judgment, if the appeal would not afford an adequate remedy. (*Reclamation Dist.* v. *Superior Court, supra; Wright* v. *Jordan*, 192 Cal. 704 [221 Pac. 915]; *Riedman* v. *Brison*, 217 Cal. 383, 386 [18 Pac. (2d) 947].)

▮ The members of the board are public officers with all the powers of police officers in enforcing the provisions of the act. (Sec. 5, State Liquor Control Act.) It further appears that numerous cases involving facts similar to those pending in respondent court have been acted upon and are now elsewhere pending, and that it is essential to the public interest that the questions here presented be speedily determined, and that the remedy by appeal would in the circumstances be inadequate.

The petitioners filed herein a petition by which a writ of mandate was sought to compel respondent court to set aside the injunctions and dismiss the said actions. ▮ As urged by respondents, mandate cannot as a rule be employed as a corrective of error (*People* v. *Sexton*, 37 Cal. 532;

*Hayward* v. *Superior Court,* 130 Cal. App. 607 [20 Pac. (2d) 348] ; *Funfar* v. *Superior Court,* 107 Cal. App. 488 [290 Pac. 626] ; *Hilmer* v. *Superior Court,* 220 Cal. 71 [29 Pac. (2d) 175]), an exception being an error of judicial discretion, where in some instances the writ has issued. (16 Cal. Jur., Mandamus, sec. 35, p. 823.) However, we are of the opinion that the facts—all of which are before us—show a lack of jurisdiction and make proper the issuance of a writ of prohibition, as it is well settled that in such cases the court will give such relief as the record presented will warrant (*Swim* v. *Superior Court,* 193 Cal. 539 [226 Pac. 2] ; *Finn* v. *Butler,* 195 Cal. 759, 766 [235 Pac. 992] ; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 Pac. 926] ; *Board of Trustees* v. *State Board of Equalization,* 1 Cal. (2d) 784 [37 Pac. (2d) 84] ; *Hale* v. *Barker,* 70 Utah, 284 [259 Pac. 928]) ; and this may be done in a proper case notwithstanding the general rule that where an alternative writ of mandate issues the petitioner is concluded by its terms, as this rule will not be enforced regardless of circumstances but in consonance with principles of fairness and justice. (16 Cal. Jur., Mandamus, sec. 78, p. 883; *Larkin* v. *Superior Court,* 171 Cal. 719 [154 Pac. 841, Ann. Cas. 1917D, 670] ; *Swim* v. *Superior Court, supra; Le Clerg* v. *San Diego,* 218 Cal. 672 [24 Pac. (2d) 819].)

It is therefore ordered that a peremptory writ of prohibition issue, requiring respondent court to refrain from further proceedings in the actions mentioned.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1935.

Shenk, J., and Thompson, J., voted for a hearing.