[Civ. No. 16049.   First Dist., Div. Two.   Sept. 15, 1954.]

CHARLES  TOGNOLI,  Respondent,  v.  LOUIS  TAROLI,
Appellant.

W. L. A. Calder and Abraham Glicksberg for Appellant.

John J. Bradley and Stewart D. Millon for Respondent.

KAUFMAN, J.—This is an appeal by defendant and appellant from a judgment for damages in favor of plaintiff and respondent for breach of contract.

The facts briefly are as follows: Respondent leased to Salvatore Trombatore and appellant Louis Taroli a certain hotel, restaurant and bar located in Redwood City, San Mateo County, for a term that commenced on July 1, 1948, and was to end on December 3, 1955.  Rent was reserved at the rate of $300 per month and the lease further provided in effect that the lessees would have transferred to them a certain on-sale general liquor license to be used in connection with the operation of the business on said premises.   The lessees agreed that upon the expiration or sooner termination of the lease, they would transfer and assign the said liquor license back to the lessor.

Later, on June 6, 1951, the lessee Salvatore Trombatore was released from the lease by mutual consent. On June 23, 1952, respondent Charles Tognoli brought this action against appellant alleging among other things that on May 26, 1952, appellant sold the liquor license in question to one Ruby Tretten and that said sale was made without the knowledge or consent of respondent and in violation of the terms of the lease just mentioned. Respondent prayed for damages in the sum of $15,000.

On the trial respondent relied on his cause of action based upon the violation of terms of the lease relating to the reassignment of the liquor license back to him and after the trial the trial court ordered judgment in favor of respondent and against appellant in the sum of $7,350.

The main defense at the time of trial and also the question involved on this appeal is whether or not section 7.3 of the Alcoholic Beverage Control Act is applicable to the facts of this case.

Section 7.3 of the Alcoholic Beverage Control Act, above referred to, provides that no licensee shall enter into any agreement wherein he pledges the transfer of his license as security for a loan or as security for the fulfillment of any agreement. It further provides that each application for the transfer of a license must be accompanied by, or contain a statement verified by both the transferor and transferee specifically stating that the transfer application or proposed transfer is not made to satisfy the payment of a loan or to fulfill an agreement entered into more than 90 days preceding the day on which the transfer application is filed with the board; also, that said statement shall become part of the transfer application and any misrepresentation contained in said statement shall be considered the misrepresentation of a material fact.

This section was construed in the case of *Saso* v. *Furtado*, 104 Cal.App.2d 759 [232 P.2d 583]. There plaintiff leased premises to Furtado on January 24, 1945. As part of the lease plaintiff transferred to defendants on-sale licenses with the provisions that the licenses were to be used upon the premises, were not to be transferred to any other location, and at the expiration of the lease were to be retransferred back to the lessor. Upon the expiration of the lease defendants refused to retransfer. The right to the retransfer accrued before the effective date of section 7.3 above set out, page 763, point [2a] of the opinion.

Quoting from pages 762, 763 and 764, the opinion reads as follows:

"2. Section 7.3 of the Alcoholic Beverage Control Act is not retroactive.

"This section became effective October 1, 1949. The exact date when plaintiff's right to a retransfer of the license accrued is not set forth in the record. However, it is not important as the judgment ordering it was entered May 18, 1949, more than four months prior to the effective date of the statute. Prior to its enactment there was no express provision in the Alcoholic Beverage Control Act prohibiting an agreement to retransfer a liquor license. . . .

" [2a] It is the position of the defendant as well as the attorney general, that section 7.3 affects all agreements concerning liquor licenses whether entered into before or after the act took effect. However, we are not concerned with that question. *The right of plaintiff to a transfer to him of the license accrued long prior to that time. Moreover, the adjudication of his right also took place prior to that time.* So the question we have to determine is whether the Legislature intended by the enactment of section 7.3 to affect rights accrued prior thereto. [Italics ours.]

"In referring to rights which accrued under the lease we have in mind that a liquor license is a privilege rather than a strict right, such as a right to deal in ordinary commodities (*State Bd. of Equalization* v. *Superior Court,* 5 Cal.App.2d 374 [42 P.2d 1076] ) ; nor is it a contract (*idem,* p. 377 ; see also *Rosenblatt* v. *State Bd. of Pharmacy,* 69 Cal.App.2d 69 [158 P.2d 199] ) ; its revocation does not violate the due process clause, and such revocation may be made without notice or hearing and without invading any constitutional guarantees (*State Bd. of Equalization* v. *Superior Court, supra,* p. 377). We are using the word 'rights' in the sense of the rights or obligations in a license as between parties to a contract, which rights have not been affected by a statute although such rights could be so affected if the Legislature intended to affect them. '. . . there is no inherent right in a citizen to sell intoxicants (citations) ; and a license to do so is not a proprietary right within the meaning of the due process clause of the Constitution (Const., art. I, § 13), nor is it a contract [citation] ; it is but a permit to do what would otherwise be unlawful, and consequently, a statute authorizing its revocation does not violate the due process clause, and it may be revoked without

notice or hearing without invading any constitutional guarantee.' (*State Bd. of Equalization* v. *Superior Court, supra,* p. 377.)

"Assuming, therefore, that the Legislature had the right to make section 7.3 retroactive, did it do so to rights already accrued and adjudicated? There is nothing in the Alcoholic Beverage Control Act as a whole nor in section 7.3 which indicates that such was the legislative intent. . . . However, in the procedural portion of the section, there is a requirement that the application for transfer state that any agreement on the subject is not more than 90 days old. This provision is not sufficient to indicate any intent on the part of the Legislature to deny a transfer to a person whose right to a transfer, at least as between him and the other party to the agreement, has already accrued."

In *Saso* v. *Furtado, supra,* the right had not only accrued under the lease contract but the right of the lessor had already been adjudicated. In the case at bar the right of respondent had already accrued prior to October 1, 1949, the effective date of section 7.3 of the Alcoholic Beverage Control Act, but the right of respondent had not yet been adjudicated. That is the only difference between this case and the case of *Saso* v. *Furtado.*

It is well settled that section 7.3 of the Alcoholic Beverage Control Act is not retroactive. (*Pehau* v. *Stewart,* 112 Cal.App.2d 90 [245 P.2d 692] ; *Saso* v. *Furtado, supra.*)

In our opinion, under the law this section is not only not retroactive as to rights that have accrued and have been adjudicated prior to the effective date of the section, but the section must be held to be not retroactive as to rights that have already accrued. Here the right of respondent accrued under the lease contract between the parties as of the effective date of the lease which was prior to the effective date of section 7.3, Alcoholic Beverage Control Act. Respondent's rights to a reassignment of the license at a future time were fixed as of the date of the lease. (See also *Campbell* v. *Bauer,* 104 Cal.App.2d 740 [232 P.2d 590] to the same effect.)

Appellant raises the question of performance by respondent under the terms of the lease but the record does not disclose any failure of performance on the part of respondent. The gist of respondent's cause of action was the violation of the lease by appellant in selling the license to a third party.

In view of our holding with respect to section 7.3, Alcoholic

430

Beverage Control Act, other points raised by appellant become immaterial and we conclude that the findings and judgment are supported by the law and evidence.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.