[Civ. No. 24862.   Second Dist., Div. Three.   July 28, 1961.]

GEORGE M. ELMQUIST et al., Appellants, v. DEL R. LOCK et al., Respondents.

J. E. Simpson and Eugene M. Elson for Appellants.

Leonard Nasatir for Respondents.

SHINN, P. J.—Plaintiffs were the owners of a restaurant and cocktail bar which defendants wished to acquire, as well as a general on-sale liquor license. Plaintiffs purchased with their own funds the license for $7,087.50 and pursuant to an application filed by plaintiff George M. Elmquist and defendant Del R. Lock, on or about June 23, 1952, there was issued such a license in the names of the applicants for the operation of a business on plaintiffs' property to be known as Del's Chuck Wagon. The parties entered into a contract by the terms of which plaintiffs agreed to sell and defendants to buy the restaurant, bar equipment and license for the sum of $17,949.32, the purchase price to include the liquor license priced at $7,087.50, payable in installments with interest on deferred payments at 3 per cent per annum. Plaintiffs also leased the property to defendants, who took possession and operated the business until February 1958. Installments of the purchase price were paid to that date in the total amount of $6,907.53 of which plaintiff credited the sum of $4,502.84 to principal and $2,404.69 to interest. Upon cessation of payments plaintiffs terminated the agreement and were restored to possession of the property.

In the meantime, plaintiff George M. Elmquist surrendered the liquor license to the Board of Equalization.

The present action was instituted to quiet title to the liquor license and to require Del R. Lock to perform whatever acts were necessary to vest title thereto in George M. Elmquist. In a separate cause of action plaintiffs sought recovery of $588.95 for the conversion of a refrigerator, as to which the appeal presents no question. Defendants filed a cross-complaint by which they sought a judgment requiring plaintiffs

to cause the license to be transferred to Mr. Lock. It was alleged that defendants had paid in full the purchase price of the license with the exception of $243.77 which had been tendered by defendants to plaintiffs as the unpaid balance of the price of the license. Except for the award to plaintiffs of $588.95 plus $100 as attorney's fees, the judgment denied further recovery by either side. The basis of the judgment was that the provisions of the conditional sales contract under which each of the parties seeks to acquire full ownership of the license are illegal and void.

The illegality of the controlling provisions of the contract as construed by the court consists of the violation of the prohibitions of section 24076, Business and Professions Code which read as follows: "24076. · [Pledge of transfer as loan security prohibited.] No licensee shall enter into any agreement wherein he pledges the transfer of his license as security for a loan or as security for the fulfillment of any agreement. Each application for the transfer of a license shall be accompanied by or contain a statement verified by both the transferor and transferee specifically stating that the transfer application or proposed transfer is not made to satisfy the payment of a loan or to fulfill an agreement entered into more than ninety (90) days preceding the day on which the transfer application is filed with the board or to gain or establish a preference to or for any creditor of the transferror or to defraud or injure any creditor of the transferror. This statement shall become part of the transfer application, and any misrepresentation contained in the statement shall be considered the misrepresentation of a material fact."

Each party claims under the following provisions of the contract: "4. In addition to all those items of personal property listed in the attached Exhibit hereto, Vendors hereby agree to sell and Vendees agree to buy that certain on-sale liquor license 'ON-SALE GENERAL LICENSE, No. P-5475-G' issued by the Board of Equalization of the State of California. The purchase price of Seven Thousand Eighty Seven and 50/100 ($7,087.50) Dollars of said liquor license is included in the total purchase of Seventeen Thousand Nine Hundred Forty Nine & 32/100 ($17,949.32) Dollars set forth in paragraph 1 (above). Although said liquor license bears the name of George M. Elmquist and Del R. Lock thereon yet the consideration for same was advanced completely and solely by the said George M. Elmquist, the said name of Del R. Lock having been added thereto for convenience only. It is in-

tended by the parties hereto that all payments made in this Conditional Sales Contract shall first be applied on the purchase of the said liquor license and it is agreed by the said George M. Elmquist that at such time as the Vendees herein shall have paid an amount equal to one-half (½) the total purchase price set forth in paragraph 1 (above), that he will do all things necessary to remove his name from the said liquor license in order that the same may be wholly and completely owned by the said Del R. Lock. However, in the event that this Contract or the said Lease entered into between the parties hereto, shall be in default for breach of any of the provisions of this Contract or the said Lease by the Vendee herein, prior to the said payment of one-half (½) of said purchase price hereunder, then said Del R. Lock shall, and he hereby agrees that he will do all things necessary to have his name removed from the said liquor license in order that the same may be transferred by the said George M. Elmquist, alone, and in his individual capacity. 5. Title shall not pass to the Vendees with delivery of the aforesaid property but shall remain vested in the Vendors until the purchase price is paid, except as otherwise set forth above. Vendees hereby acknowledge receipt of said property.''

The court made the following conclusion of law: ''I. That the provisions of paragraph Four of said 'Conditional Sales Contract' insofar as they require defendant Del R. Lock in the event that said defendant Lock 'shall be in default for breach of any of the provisions of this contract or the said lease . . . prior to said payment of one-half (½) of said purchase price hereunder', to 'do all things necessary to have his name removed from said liquor license in order that the same may be transferred by the said George M. Elmquist alone, and in his individual capacity' is null and void in that the same constitutes a pledge by the said defendant Del R. Lock of said license or his interest therein as security for the performance by him of the terms and conditions of said 'Conditional Sales Contract' and said lease upon his part to be kept and performed in violation of the provisions of Section 24076 of the Business and Professions Code of the State of California.''

Thus, it was adjudged that Del R. Lock cannot be required to take any action to have his name removed from the liquor license in order that sole ownership be vested in George M. Elmquist and Elmquist cannot be required to take action in order to vest in Lock sole ownership of the license upon the payment of $243.77 or any other sum.

Plaintiffs appeal from the judgment insofar as it denies them relief except the recovery of the sum of $588.95. The decisive question on the appeal is whether the trial court correctly concluded that the provisions of the contract which we have quoted constituted a pledge of the interest of defendant Del R. Lock in the license.

The construction of the agreement by the trial court is clearly a correct one. The sole contention of plaintiffs on this point is that there can be no pledge of a liquor license unless physical possession of the license itself is delivered to the pledgee. They contend that in section 24076, Business and Professions Code, the word "pledge" must be construed as the term is defined in section 2986, Civil Code, namely, "[A] [p]ledge is a deposit of personal property by way of security for the performance of another act" and they cite also section 2987 "Every contract by which the possession of personal property is transferred, as security only, is to be deemed a pledge." The term cannot be given such a narrow interpretation. By section 24046, Business and Professions Code, the licensee upon receipt of the license shall sign it and post it in a conspicuous place upon the licensed premises, except where the license was issued for a train or boat, in which case it may be posted in such other place in the state as the board shall designate. This requirement would be violated if the license should be taken from the place of business and deposited and kept in some other place. In fact, plaintiffs say: "Elmquist had no lien, regardless of all else, as he did not have possession of the license and there was not and could not legally be any delivery of possession of the license by Lock to Elmquist so long as it was to be used on the premises."

"Pledge" as used in section 24076 could not have been intended to relate only to transfers of physical possession of the license which would be violative of section 24046. A common definition of a pledge is "a promise or agreement by which one binds himself to do or forbear something; a promise; to bind by or as by a pledge; to plight." As between the licensees and the state the interest of Lock in the license was equal to that of Elmquist. However, as between the two, Lock's interest was conditional upon his paying Elmquist $7,087.50 which the latter had paid for the license. Lock's interest was pledged as security until he had paid one-half of $17,949.32 and the condition of the pledge was that if he defaulted under the contract or the lease before he had paid said sum he would take the necessary steps to vest in Elmquist full ownership

of the license. If such an agreement were permitted, performance of it would vest in the person to whom performance was due, ownership of the license, regardless of his qualifications to be licensed. ■ It is the purpose of section 24076 to prevent a transfer of ownership by any means other than the procedure, compliance with which would limit transfers to those who are qualified to hold licenses.

In *Citrigno* v. *Williams* (9 Cir. 1958), 255 F.2d 675 and *Holt* v. *Morgan*, 128 Cal.App.2d 113 [274 P.2d 915], cited by defendants, agreements for the transfer of licenses were assumed to be pledges, and were held void although there was no deposit of the licenses with the pledgees. It does not appear to have been contended in either case, nor was it decided, that there can be no pledge of a license unless it is placed in the possession of the pledgee.

Since enforcement of the agreement in a manner that would vest ownership in either Elmquist or Lock would be in contravention of section 24076, the judgment correctly declares the agreement to be unenforceable.

■ Plaintiffs also claim title to the license upon the theory that they are beneficiaries of a resulting trust, inasmuch as Elmquist paid the entire consideration for the license and caused it to be issued in his name and the name of Lock as licensees. The contention is that Lock holds a half interest in the license as trustee for plaintiffs.

When a transfer of real property (Civ. Code, § 853), or personal property (*Kirk White & Co.* v. *Bieg-Hoffine Co.*, 6 Cal.App.2d 188 [44 P.2d 439]) is made to one person and the consideration is paid by or for another a trust is presumed to result in favor of the latter. (Rest., 2d Trusts, ch. 12, topic 1.)

We need not consider what the rights of the parties would have been under resulting trust doctrines had the property consisted of something other than a liquor license, as in the cases relied upon by plaintiffs. It is clear that the law of resulting trusts has no application to the transaction in question. As previously noted, the proscription of transfers of title to licenses through pledge agreements has for its purpose the prevention of the ownership of licenses except by qualified holders, and under authorization of the Board of Equalization. A decree establishing title in Elmquist to the half interest in the license standing in the name of Lock, upon the theory that he holds the same under a resulting trust,

would accomplish by indirect means the purpose which could not be accomplished by foreclosure of a pledge or by any other transfer in violation or disregard of statutory procedure.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.