[Civ. No. 20153.   First Dist., Div. Two.   July 24, 1962.]

CHARLES BELLE'ISLE, Plaintiff and Appellant, v. W. J. HEMPY, as Trustee, etc., Defendant and Respondent.

Charles Reagh for Plaintiff and Appellant.

Mueller & McLeod and Stanley M. McLeod for Defendant and Respondent.

AGEE, J.—Plaintiff-appellant sold his liquor store and transferred its liquor license under a conditional sale agreement executed February 14, 1953, which provided that plaintiff was to retain title to the business as security for the payment of the balance of the purchase price and that, in the event of a default in the monthly payments as agreed upon, the buyers would transfer the license back to plaintiff or his nominee.

The business thereafter failed. On March 18, 1955, assignees of the original buyers, with full knowledge of appellant's rights under the conditional sale agreement, assigned the business to respondent, as trustee for the creditors, and consented that respondent might apply for a transfer of the license.

Appellant's demand that the license be transferred back to him in accordance with the agreement was refused by respondent on the ground that the agreement in this respect was void under the provisions of section 24076 of the Business and Professions Code. By stipulation of the parties, the respondent sold the license to a third party and retained the proceeds to await the outcome of this action. The lower court denied any recovery to appellant, and this appeal from its judgment followed.

Section 7.3 of the Alcoholic Beverage Control Act became effective October 1, 1949, and in 1953 it was placed in the Business and Professions Code as section 24076. It provides in part as follows: "No licensee shall enter into any agreement wherein he pledges the transfer of his license as security for a loan or as security for the fulfillment of any agreement."

There is no contention that the conditional sale agreement involved herein does not contravene this prohibition. But appellant argues that the statute does not apply where, as in this case, the license itself was issued prior to October 1, 1949.

Appellant relies entirely upon *Golden* v. *State of California,* 133 Cal.App.2d 640 [285 P.2d 49], which held that a liquor license is "property" within the meaning of a federal law giving the federal government a lien for taxes "upon all property and rights to property, whether real or personal, belonging to such person [taxpayer]." (26 U.S. Code § 3670.) The opinion states: "A contract to transfer a license, subject of course to approval by the state licensing agency and the other conditions and restrictions imposed by law, is valid. . . . Like any other contract, it enjoys constitutional immunity from legislative impairment. The prohibition against pledging

the transfer of a license as security for a loan or for the fulfillment of an agreement, expressed in section 7.3 added to the act in 1949 (Stats. 1949, ch. 1348, p[p]. 2349, 2360), could not and did not operate *retroactively.* (*Pehau* v. *Stewart,* 112 Cal. App.2d 90, 96 [245 P.2d 692], and cases cited.) We observe, also, that section 7.3 merely narrows the scope of the uses and purposes of an agreement for transfer. It constitutes express recognition of the right to contract for transfer of a license." (P. 644.) (Emphasis added.)

In *Golden,* the agreement of the taxpayer to transfer his liquor license was executed on March 14, 1949, the lien of the government was perfected during the period between May 18, 1948, and March 3, 1949, and the proceeds of the sale in the hands of the escrow holder were levied upon by the government on April 1, 1949. The court properly stated that the rights of the parties, as affected by the lien upon the license, were to be determined by the law as it was when such rights accrued and not as the law later became on October 1, 1949.

It is well settled in California that, where the licensee and a party other than the licensing agency are involved, a license such as that involved herein is considered to be property. In *Roehm* v. *County of Orange,* 32 Cal.2d 280 [196 P.2d 550], the Supreme Court stated: "Although a liquor license is merely a privilege so far as the relations between the licensee and the state are concerned, it is property in any relationship between the licensee and third persons, because the license has value and may be sold."

However, the granting of a liquor license does not vest in the licensee a property right such as deprives the state of its reserve power to enact laws in pursuance of public policy which might affect such license. (*Allied Properties* v. *Department of Alcoholic Beverage Control,* 53 Cal.2d 141, 147 [346 P.2d 737]; *Sandelin* v. *Collins,* 1 Cal.2d 147, 153 [33 P.2d 1009, 93 A.L.R. 956]; *People* v. *Jemnez,* 49 Cal.App. 2d Supp. 739, 741 [121 P.2d 543].)

Appellant correctly states that a liquor license is property which may be made the subject of a contract to transfer. Where, by such a contract, rights have accrued as between the parties *prior* to the effective date of the statute, October 1, 1949, they enjoy a constitutional immunity from legislative impairment and are not subject to deprivation by retroactive operation of the statute. (*Campbell* v. *Bauer,* 104 Cal.App.2d 740, 743 [232 P.2d 590]; *Saso* v. *Furtado,*

104 Cal.App.2d 759, 763-764 [232 P.2d 583]; *Tognoli* v. *Taroli,* 127 Cal.App.2d 426 [273 P.2d 914].)

The same rights as between the parties, if accruing *after* such date, are unenforceable if violative of said statute. (*Elmquist* v. *Lock,* 194 Cal.App.2d 372, 376 [15 Cal.Rptr. 447]; *Holt* v. *Morgan,* 128 Cal.App.2d 113, 116-117 [274 P.2d 915]; *Citrigno* v. *Williams,* 255 F.2d 675, 679.) There is nothing in *Golden* v. *State of California, supra,* to the contrary.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.