[Civ. No. 37653. First Dist., Div. One. Jan. 28, 1976.]

SCOTT EMERSON OWEN, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

COUNSEL

Katz, Cole & Beam and Frank D. Katz for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Michael D. Whelan, Deputy Attorneys General, for Real Party in Interest.

---

OPINION

**ELKINGTON, J.**—On these proceedings in prohibition we inquire into the jurisdiction of the superior court to try petitioner Scott Emerson Owen on an indictment of the Santa Cruz County Grand Jury.

Evidence taken by the grand jury revealed the following. Each of three boys, of the respective ages of 16, 15 and 12 years, testified that over a

period of two or three years Owen had from time to time furnished him with marijuana, beer and tequila, which was smoked or consumed by him at Owen's home. There was much uncertainty as to the exact dates, or number of times, when the several substances were furnished, but it was made clear from their testimony that *at least once* since January 1, 1975, each of the boys had been furnished marijuana and an alcoholic beverage by Owen. Owen was an adult in his 20's or 30's. The boys described the substances furnished them and the sensations following their use, leaving little room for doubt that they were in fact marijuana and alcoholic beverages. Additionally, they had said the marijuana was kept by Owen in a "See's candy box"; a search of his home disclosed marijuana in such a container.

■ There was thus reasonable certainty that each of the boys had in fact been furnished marijuana and alcoholic beverages by Owen within the period of the applicable statutes of limitations. The uncertainty as to the dates of the offenses was immaterial. (See Pen. Code, § 955; *People* v. *Cox,* 259 Cal.App.2d 653, 660 [66 Cal.Rptr. 576]; *People* v. *Barreras,* 181 Cal.App.2d 609, 614 [5 Cal.Rptr. 454].)

Penal Code section 272, q.v., makes punishable, as a misdemeanor, any act or omission which causes or tends to cause or encourage *any person* under the age of 18 years to become a juvenile delinquent according to the criteria of section 601, Welfare and Institutions Code.

Health and Safety Code section 11361, subdivision (a), provides that every person 18 years of age or over, who unlawfully furnishes marijuana to *a minor* is guilty of a felony.

Business and Professions Code section 25658, subdivision (a), recites that "Every person who . . . furnishes . . . any alcoholic beverage to *any person* under the age of 21 years is guilty of a misdemeanor." (Italics added.)

It is notable that each of the statutes at issue expressly makes its proscribed conduct against each of several victims a separate criminal offense.

A grand jury indictment must, of course, be based upon probable cause. ■ Such probable cause is established if a person of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. (*Bompensiero* v.

*Superior Court,* 44 Cal.2d 178, 183-184 [281 P.2d 250]; *People* v. *Britz,* 17 Cal.App.3d 743, 750-751 [95 Cal.Rptr. 303].)

It reasonably follows, from the evidence adduced before the grand jury, that there existed probable cause to support Owen's indictment for three violations of Penal Code section 272, three violations of Health and Safety Code section 11361, subdivision (a), and three violations of Business and Professions Code section 25658, subdivision (a). In our opinion, however, there was fatal uncertainty whether additional similar offenses had been committed by Owen in relation to the three boys.

Following presentation of the evidence the grand jury returned an indictment in three counts. Count I accused Owen of violating Health and Safety Code section 11361, subdivision (a), between January 1, 1975, and April 30, 1975, by furnishing marijuana to each of the three boys. Count II recited that he had, during the same period of time, violated Penal Code section 272 as to each of the minors. Count III charged Owen with furnishing alcoholic beverages to *persons* under the age of 21 years, between January 1, 1975, and April 30, 1975, thereby violating Business and Professions Code section 25658, subdivision (a). The superior court sustained a demurrer to this indictment.

Without further action of the grand jury, the district attorney filed an amended indictment in the same case. That amended indictment charged Owen with 17 different Business and Professions Code section 25658, subdivision (a), violations, 17 different Penal Code section 272 violations, and 2 Health and Safety Code section 11361, subdivision (a), violations. Owen's demurrer to the two Health and Safety Code section 11361, subdivision (a), violations was sustained.

The prosecutor then, again without further action of the grand jury, filed a second amended indictment in the same action. This indictment is the subject of the instant proceedings.

The second amended indictment first charged Owen with 17 Business and Professions Code section 25658, subdivision (a), violations. Each of these counts alleged a different date of commission, between January 4, 1975, and April 27, 1975, and each charged that Owen "did willfully and unlawfully furnish and give away alcoholic beverages to persons under the age of 21 years."

Also charged by the second amended indictment were 17 Penal Code section 272 violations. These several counts followed the respective dates of commission alleged in regard to the Business and Professions Code section 25658, subdivision (a), charges; each recited that Owen had violated section 272 in respect of "three persons under the age of eighteen years."

Finally, the second amended indictment charged Owen with two counts of Health and Safety Code section 11361, subdivision (a), violations, in that on an occasion between January 1, 1975, and March 3, 1975, and on an occasion between March 3, 1975, and March 30, 1975, he "did willfully, unlawfully and feloniously furnish and give marijuana" to each of the three named minors who had testified at the grand jury hearing.

Owen demurred to the two Health and Safety Code section 11361, subdivision (a), violation counts of the second amended indictment. He also moved, under Penal Code section 995, to set aside all of the counts, except one of the Business and Professions Code section 25658, subdivision (a), charges and one of the Penal Code section 272 charges.

The superior court sustained Owen's demurrer to the two Health and Safety Code section 11361, subdivision (a), counts. It then denied his Penal Code section 995 motion.

As the case now stands Owen is awaiting trial on all 17 of the Business and Professions Code section 25658, subdivision (a), charges, and all 17 of the Penal Code section 272 charges. The two charges of furnishing marijuana to minors (Health & Saf. Code, § 11361, subd. (a)) have been dismissed.

█ Owen seeks by way of these prohibition proceedings to prevent trial on any of the second amended indictment's charges, except count XVII charging violation of Business and Professions Code section 25658, subdivision (a), and count XXXIV charging violation of Penal Code section 272. We have concluded that he is entitled to the relief he seeks. Our reasons follow.

As we have pointed out, the indictment *returned by the grand jury* charged Owen with but three offenses. One of them, the Health and Safety Code section 11361, subdivision (a), marijuana offense, now stands dismissed. The second amended indictment was amended *by the*

*district attorney* alone to include 16 additional Business and Professions Code section 25658, subdivision (a), charges and 16 additional Penal Code section 272 charges. It is these charges with which we are concerned.

Although the district attorney may upon leave of court therefor, himself amend an indictment for any "defect or insufficiency, at any stage of the proceedings," he may not by such amendment "change the offense charged." (Pen. Code, § 1009; *People* v. *Foster,* 198 Cal. 112, 120-121 [243 P. 667].) Here, contrary to law, by the second amended indictment he *added* 32 charges against Owen. To that extent the indictment was amended by the district attorney to "change the offenses charged."

We have concluded that it would be in the interest of justice to permit the district attorney, in his discretion, to proceed to trial on the remaining two counts of the second amended indictment, *or* to have the case submitted to the same or another grand jury with leave to file an amended or new indictment as permitted by Penal Code section 1009. In a proceeding such as this, we should give relief as the record before us shall warrant. (*State Bd. of Equalization* v. *Superior Ct.,* 5 Cal.App.2d 374, 379 [42 P.2d 1076].)

The peremptory writ of prohibition will issue with the provision, however, that the prosecution may in its discretion elect to have the case submitted to the same or another grand jury for further proceedings; in the event of such election the superior court will so order.

Molinari, P. J., and Sims, J., concurred.