**CERTIFIED CHECK CASHERS, a California Corporation, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. CV 79–04714–AAH.**

United States District Court, C. D. California.

July 1, 1980.

---

Kellner & Stefflre, Los Angeles, Cal., for plaintiff.

Andrea Sheridan Ordin, U. S. Atty. for the Central District of California, Los Angeles, Cal., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., and William J. James, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

Defendant's Motion for Summary Judgment, filed on April 30, 1980, came on for hearing before the Court on May 19, 1980. The Court having reviewed the pleadings, the memoranda filed in support of and against said motion, and having heard and considered the arguments of counsel, makes findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

1. On March 6, 1979, defendant United States of America, through its agency, the Internal Revenue Service, seized a liquor license from Daniel Hamilton, dba Kim's Liquor and Junior Market, hereinafter, "the taxpayer".

2. The above license was sold at a public auction and the proceeds therefrom placed

in escrow, with instructions to pay the proceeds in accordance with the provisions of California Business and Professions Code, Sections 24049 and 24074.

3. Plaintiff, Certified Check Cashers, a California corporation engaged in the business of issuing money orders, filed a claim with the escrow agent based upon an alleged debt owed to it from the taxpayer for sums which had been previously collected from the sale of its money orders. Numerous other creditors including state and local taxing authorities also filed claims with the escrow agent.

4. Finding that, pursuant to Section 24074, *supra*, it would not be entitled to any of the proceeds remaining after payment of the priority tax claims, plaintiff initiated the instant proceeding in the United States District Court for the Central District of California, and seeks to invoke the jurisdiction of this Court pursuant to Section 7426(a)(2) of the Internal Revenue Code. 26 U.S.C. § 7426(a)(2).

5. Plaintiff relies on its sales agreement with the taxpayer and Section 12300.3 of the California Financial Code in support of its claim, and argues that since it was the only creditor to seek relief under Section 6342(b) of the Internal Revenue Code, and since it was the only creditor to have filed an action within the time limits prescribed by Section 6532(c)(1) of the Code, the remaining creditors are now barred from establishing their prior claims.

6. Nothing in the agreement entered into between the taxpayer and the plaintiff provided that any indebtedness arising therefrom should create in favor of plaintiff any interest in the liquor license.

7. Any of the following conclusions of law deemed to be findings of fact are hereby found as facts.

### CONCLUSIONS OF LAW

1. The above facts are not controverted by the plaintiff and no genuine issue remains as to any material fact herein.

2. Plaintiff has brought the instant action pursuant to paragraph (2) of Subsection 7426(a) of the Internal Revenue Code, which provides as follows:

(2) Surplus Proceeds—If property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property junior to that of the United States and to be legally entitled to the surplus proceeds of such sale may bring a civil action against the United States in a District Court of the United States (Emphasis Added). 26 U.S.C. § 7426(a)(2)

Plaintiff has met neither of the prerequisites contained in the above underlined portions of the statute. 26 C.F.R. § 301. 7426–1(a)(2).

■ 3. Initially, it should be pointed out that the plaintiff did not in its complaint even claim an interest in or a lien on the liquor license itself. The allegations that 1) the taxpayer was indebted to the plaintiff, and 2) that the plaintiff had filed an administrative claim with the Internal Revenue Service with respect to such agency's Federal Tax Levy, are insufficient to meet the requirements of the above statute.

■ 4. California Business and Professions Code, Section 24076, specifically prohibits any arrangement which could result in the transfer of an interest in a liquor license to an unqualified holder, and such result may not be accomplished indirectly through the establishment of the statutory trust contemplated by California Financial Code Section 12300.3. See, e. g., *Elmquist v. Lock*, 194 Cal.App.2d 372, 377–378, 15 Cal.Rptr. 447 (1961).

■ 5. Sections 24070 et seq. of the California Business and Professions Code provide a comprehensive scheme for the regulation of liquor licenses in this state. Although the United States is not bound by the state statute with respect to its federal rights, *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960), with respect to any other creditor, such provisions are mandatory and may not be circumvented by turning to alternative remedies. *Cohn v. Gramercy Escrow Co.*,

65 Cal.App.3d 884, 890, 135 Cal.Rptr. 688 (1977); *Grover Escrow Corp. v. Gole*, 71 Cal.2d 61, 63–65, 77 Cal.Rptr. 21, 453 P.2d 461 (1969).

6. The second statutory prerequisite to the maintenance of an action under Section 7426(a)(2) is a claim of legal title to the surplus proceeds. Under the system of priorities provided by the above sections of the California Business and Professions Code, plaintiff is not entitled to any distribution from the proceeds of the liquor license.

7. Any finding of fact deemed to be a conclusion of law is incorporated herein as a conclusion of law.

LET JUDGMENT BE ENTERED ACCORDINGLY.